## WINTERS v. OKLAHOMA PORTLAND CEMENT CO.

No. 8077—Opinion Filed Nov. 28, 1916.

Rehearing Denied May 15, 1917.

(164 Pac. 965.)

**1. Appeal and Error—Ruling on Demurrer —Transcript.**

Error in sustaining a demurrer to a petition may be presented upon transcript.

**2. Pleading—Demurrer—Waiver.**

When a demurrer is sustained to a pleading, and the pleader takes leave to plead over, error in the order sustaining the demurrer is waived; but, where such pleader obtains leave of court to withdraw an amendment filed after such leave to amend is taken, and to stand upon the pleading to which the demurrer has been sustained, and is granted leave to appeal from the order of the court, the issues still being incomplete, he will not be held to such waiver.

**3. Indians—Suit to Set Aside Guardianship Sale—Payment on Tender of Consideration.**

Where a minor citizen of the Choctaw Nation of Indians sues to set aside a void guardianship sale of his lands, and alleges that he has no part of the consideration of the sale and never received any part thereof, such minor is not required to pay or tender back such consideration as a prerequisite to the maintenance of his suit.

**4. Guardian and Ward—Sale—Irregularities —Cure by Confirmation.**

After a county court obtains jurisdiction of a guardianship sale proceeding, all irregularities and defects between the acquirement of jurisdiction and the order of confirmation are cured by the order of confirmation, to the extent that the order of confirmation may not be collaterally attacked on account of such irregularities; but this rule does not extend to jurisdictional matters.

**5. Same—Private Sale—Confirmation—Jurisdiction.**

The provision of the statutes (Rev. Laws 1910, sec. 6384) which provides that no sale of lands of minors at private guardianship sale shall be confirmed where the bid is not 90 per cent. of the appraised value, or where there has been no appraisement of such lands within a year prior to the sale, is mandatory, and goes to the jurisdiction of the court to make the order of confirmation. Where an order of confirmation of such a sale is made in violation of such provision, the order of confirmation is void for want of jurisdiction.

**6. Judgment—Validity—Fraud.**

Orders and judgments procured by fraud are void.

**7. Judgment—Invalid Judgment—Collateral Attack.**

Where a want of jurisdiction to enter the particular order or judgment is affirmatively shown by the record proper upon which such order or judgment is based, such order or judgment is void and subject to collateral attack.

(Syllabus by Johnson, C.)

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Action by Walter B. Winters, a minor, by J. M. Daggs, next friend, against the Oklahoma Portland Cement Company. Judgment for defendant, and plaintiff brings error. Reversed, and remanded for further proceedings.

Wadlington & Wadlington, for plaintiff in error.

J. F. McKeel, for defendant in error.

Opinion by JOHNSON, C. This is a suit by plaintiff in error, Walter B. Winters, by J. M. Daggs, next friend, against the defendant in error, Oklahoma Portland Cement Company, a corporation, for the recovery of 60 acres of land allotted to plaintiff as a citizen of the Choctaw Nation of Indians. The prayer is for ejectment and cancellation; plaintiff seeking to set aside a certain deed executed by his guardian and the order confirming the sale upon which the deed was based. The next friend is the grandfather of plaintiff, and the guardian is plaintiff's father.

The amended petition alleges, in substance, that the said guardian of plaintiff is weak and illiterate and under the control of the defendant; that defendant and the said guardian entered into a secret corrupt and fraudulent agreement under which the said guardian was to sell, procure the confirmation of the sale, and convey to defendant 60 acres of the land of plaintiff of the approximate value of $6,000 for the grossly inadequate consideration of $2,750; that at such sale no bids were to be received or considered except the bid of defendant; that the

sale was to be for the exclusive benefit of defendant and the said guardian; that this agreement was carried out, and the land sold and conveyed under it for the said consideration of $2,750, whereas the actual value of the land was over $6,000, and the value of it as appraised in such guardianship sale proceeding was $4,200; that the said sale was a private sale; and that, by fraudulently concealing the appraisement from the court and diverting the mind of the court therefrom, defendant and the guardian fraudulently procured an order of the county court confirming such sale, regardless of the fact that the bid was less than 90 per cent. of the appraisement, and in fact only approximately 60 per cent. thereof. Plaintiff further alleges that the said purchase price of said land was divided between defendant and the said guardian. that plaintiff has never received any benefit or thing of value as the proceeds of said sale, and has no money or other thing of value in his possession as the result of the sale; and that the guardian now has nothing of value and no money in his possession as a result of said sale. Plaintiff further alleges that the said guardianship sale, order of confirmation, and conveyance were void on account of such fraudulent acts, and for the further reason that the purported sale was for less than 90 per cent. of the appraised value of the property.

A demurrer of defendant to such amended petition was sustained by the court on October 6, 1915, upon the ground that the petition did not contain an offer to pay back the said consideration of said sale. Plaintiff asked and was allowed time to amend such amended petition, and filed an amendment thereto. On November 17, 1915, plaintiff, having obtained leave of court to withdraw the amendment to his amended petition and stand upon the amended petition and his exception to the action of the court in sustaining the demurrer thereto, did so, and the case was dismissed by the court upon such election to stand upon the amended petition, and plaintiff was granted time to appeal.

Defendant in error moved to dismiss the appeal upon the ground that certain orders, as contained in the case-made, did not contain the filing marks and were not shown to have been entered upon the journal of the lower court, and such motion has been overruled. In its brief defendant in error asks for dismissal of the appeal upon additional grounds, and complains that the former motion to dismiss was overruled without any reason being given therefor. It was not necessary for such reason to be given, but, as a matter of courtesy toward the present complaint of counsel, we refer to the opinion of this court in St. L. & S. F. R. Co. v. Taliaferro, 58 Okla. 585, 160 Pac. 610, which announces the rule controlling the former motion.

In its brief defendant urges the dismissal of the appeal upon the ground that the case-made was not served within 15 days from the date of the order sustaining the demurrer to the amended petition, although it was served within the time granted after the order of dismissal, which was based upon the refusal to plead after the demurrer was sustained. It is not necessary to go into the sufficiency of the service of the case-made, as the case made herein is sufficient as a transcript, and the questions on appeal, being as to error in sustaining a demurrer to the amended petition, are such as may be presented by transcript. See O'Neil v. James, 40 Okla. 661, 140 Pac. 141. The second motion to dismiss should therefore be overruled.

In its brief on the merits defendant in error contends that error in sustaining the demurrer to the amended petition may not be presented, for the reason that it was waived by defendant in error taking leave to plead over. Defendant in error cites numerous cases from this court holding that taking time to plead over and pleading over waives error in an order sustaining a demurrer to a pleading. This proposition, as covering the only error urged on the appeal, was presented to and passed upon by this court in the first motion to dismiss the appeal. However, it may be well enough to say that in each of the cases cited in support of the alleged waiver of error the party whose pleading was affected by the order sustaining demurrer had finally accepted and enjoyed the full benefit of the exercise of the discretion of the lower court in allowing him to plead over, and had gone on to another phase of his case in disregard of the error in the order upon his pleading. The rule is based upon the fact that the party, by going ahead with his case, definitely accepts a lack of finality in the order as foreclosing his right of action. In none of the cases were the facts similar to those in this case. Here, while the plaintiff took time to plead over and actually filed an amendment to his petition, the formation of the issues was still incomplete, and still within the influence of the court's discretion. The court allowed plaintiff to withdraw the last amendment to his petition, and to stand upon his original amended petition granting the right of appeal. It was well within the discretion of the court to permit plaintiff to rectify a mistake in taking time to plead, particularly where the mistake would result

in a deprivation of substantial rights, and the confusion resulting in the mistake came from a patent substantial error of the court itself. We shall hold that the granting of leave to withdraw the amendment and stand upon the original amended petition, with right of appeal from the order, placed plaintiff in the position occupied by him before he took leave to plead over.

On the merits this appeal presents three propositions, viz.: (1) Under the allegations of fraud in the guardianship sale proceedings, was it necessary for plaintiff to tender back the consideration of the guardian's deed? (2) Was the fact that the bid was less than 90 per cent. of the appraisement a mere irregularity, or did it avoid the entire proceeding? and (3) Is the attack upon these deficiencies properly made in this cause?

The question of the necessity of the tender back of the consideration, as applicable to the pleading of plaintiff in this case has been decided by this court favorably to the contentions of plaintiff in error. In the opinion of this court, Bridges v. Rea et al., 64 Okla. 115, 166 Pac. 416, under date of May 16, 1916, this court held void a deed to the allotment of an Indian minor based upon a fraudulent guardianship sale proceeding. and, with reference to the necessity of a tender back by the minor of the purchase price, said:

"But, the deed being void, she was not required to return the consideration as a condition precedent to relief in equity; but, aside from this, the absence of a showing that at the time she brought the suit or the case was tried, she had in her possession any of the consideration received for the land, was sufficient reason for not requiring her to do so."

In Tirey v. Darneal, 37 Okla. 606, 133 Pac. 614, referring to a deed by an Indian minor himself and the necessity of a tender back of the consideration, this court said:

"* * * And we therefore hold that the pretended deed from Darneal to Tirey was absolutely void, and, this being true, Darneal could not be compelled to refund the purchase price, especially since it is not shown that he had any part thereof in his possession at the time the answers were filed and the case tried, and the court committed no error in so holding."

With reference to void Indian minor deeds, executed by the allottees themselves, the rule that it is not necessary to relief in equity against the deed that the consideration be refunded, especially where it appears that the grantor has no part thereof, has been adhered to by a great number of decisions in this court, and is so well established that it is not necessary to refer to other cases upon the point. There would be less reason to require the refund by a minor who alleges that he never received any part of the consideration, but that the consideration was for the joint profit and benefit of the guardian and his grantee, under a collusive plan to defraud the minor.

Plaintiff in error, in his petition in the lower court, alleged that the sale by his guardian was for less than 90 per cent. of the appraised value of the land, the sale being for $2,750, while the appraisement was $4,200, and contends that, for this reason, the order of confirmation and guardian's deed were void.

Defendant in error contends that the confirmation of the sale for less than 90 per cent. of the appraised value was a mere irregularity, and not such a defect as to render the proceeding absolutely void, and that the defect was cured by the order of confirmation, which is conclusive. In support of this position he cites the following decisions of this court, viz: Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433; Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372, and other cases from this court and the courts of other states, holding that, after the county court acquires jurisdiction of a guardianship sale proceeding, the order of confirmation will cure intermediate irregularities. The cases cited lay down correct rules, so far as they are applicable, but they are not applicable to this situation; for the defect alleged here is not a mere irregularity, and was not a defect occurring between the filing of the petition of sale and the confirmation, but was a jurisdictional departure in the order of confirmation itself.

In Eaves v. Mullen, supra, which announced the rule as to intermediate irregularities, this court said:

"A valid decree of confirmation of the sale was necessary to pass title to the purchaser at the sale, from whom it is alleged plaintiff herein derived his title."

Section 6384, Revised Laws 1910, so far as pertinent, reads:

"6384, Limit of Price—Appraisement—No sale of real estate at private sale shall be confirmed by the court unless the sum offered is at least ninety per cent. of the appraised value thereof, nor unless such real estate has been appraised within one year of the time of such sale."

The words of this section are expressly prohibitory. They do not simply and only say that an appraisement shall be had, but directly say that the court shall not act except under the given conditions. The inhibition strikes at the power of the court, and

leaves no discretion whatsoever in the court. It does not pertain to any step intermediate to the acquirement of jurisdiction of the sale proceeding and the order of confirmation, but to the power to make the order of confirmation itself. The appraisement is not even necessarily a part of the sale proceeding proper, but may have been made at any time within a year prior thereto, and long before the court acquired jurisdiction of the sale proceeding; but the statute provides that the court shall not make the order, except it is in existence, and in conformity to it.

The rule announced in Eaves v. Mullen, supra, as to the effect of irregularities and defects after the acquirement of jurisdiction and antecedent to the order of confirmation was based upon decisions from the Supreme Court of the United States and the appellate courts of California, South Dakota, and Arkansas. We do not find where the three first named courts have passed upon the question as to whether a violation of the appraisement by the order of confirmation, in a private guardianship sale, is a mere irregularity or is a jurisdictional departure, but the Supreme Court of Arkansas, in the case of Mobbs v. Millard et al., 106 Ark. 563, 153 S. W. 821, rendered after the decisions in the Arkansas cases cited in Eaves v. Mullen, held that such a violation was not an irregularity, but a jurisdictional departure, rendering the order of confirmation absolutely void. In Mobbs v. Millard et al., supra, the Arkansas court said:

"Under the law a minor cannot act for himself, and his guardian is his statutory agent, The requirement that no real estate of any minor shall be sold for less than three-fourths of its appraised value was passed for his protection pursuant to a general principle of public policy. Appraisement means valuation. Thus it will be seen the Legislature provided a means for fixing in advance the lowest valuation at which a minor's land can be sold. In the instant case it is conceded that the land was sold for less than three-fourths of its appraised value. * * * We hold that the sale was not in substantial compliance with the statute and is invalid. * * * We do not wish to be understood as holding that errors and irregularities in making the appraisements or in otherwise complying with the provisions of the statute in regard to the sale would not be a substantial compliance with the provisions thereof. * * * But we do hold that an essential requirement of the statute in regard to the sale of a minor's land cannot be entirely omitted and wholly disregarded."

The Supreme Court of Missouri, in the case of Carder et al. v. Culbertson, 100 Mo. 269, 13 S. W. 88, 18 Am. St. Rep. 548, said:

"By stipulation filed it is agreed that the sole question to be determined is whether the curator's deed is valid. There can be no hesitation; * * * it is a plain matter of statutory provision. Sections 28, 29, and 30, p. 469, General Statutes 1865, control this case. The last-named section declares: 'No real estate of any minor, sold under the provisions of this chapter, shall be sold for less than three-fourths of its appraised value,' etc. The probate court had no jurisdiction to approve such sale. Its order of approval was therefore coram non judice, and the deed showing the facts already recited was void on its face."

South. 800. 21 Cyc. 140, under the head of Guardian and Ward, says:

The same conclusion was reached by the Supreme Court of Louisiana in the case of Thibodeaux v. Thibodeaux, 112 La. 906, 36

"J. Purchase Price and Payment.—Where the ward's property is ordered to be sold on application of a guardian, after appraisal, a sale for less than the appraised value is void."

10 Enc. of Pleading & Practice, 820 and 821, after laying down our rule that the order of confirmation will cure all defects and irregularities, says:

"Jurisdictional Defects.—But confirmation will not cure defects in the proceedings which go to the jurisdiction of the court, and consequently will not protect the sale from collateral attack upon any such grounds."

Our statute on judicial sales of real property provides that no property shall be sold for less than two-thirds of its appraised value. This court has held that provision mandatory, and that an order of the district court confirming such a sale is absolutely void (Page v. Turk, 43 Okla. 667, 143 Pac. 1047), citing in support of such holding several decisions from the Supreme Court of the United States, as well as an extensive list of authorities from other courts.

Our statute provides that, under a mortgage containing a waiver of appraisement, sale under foreclosure of such a mortgage shall not be had until the expiration of six months from the date of judgment. This court has held that a sale in violation of that provision is void. Hancock v. Youree, 25 Okla. 460, 106 Pac. 841; Tolbert v. State Bank, 30 Okla. 403, 121 Pac. 212.

The express statutory limitations upon the district courts in the above instances are no stronger, and are not as direct, as the limitation upon the county court in the section of the statutes we have under consideration; and yet the limitations were held to be not merely the subject-matter of irregularity, but jurisdictional.

In reference to guardianship sale procedure, the tendency of the courts is to construe as directory language which may fairly have that intendment, and which pertains to proceedings after the vesting of jurisdiction. If such construction were not the rule, no guardianship sale would be safe, for some error creeps into almost every proceeding; and it seems to be the theory of the courts generally that some discretion is vested in the courts having direct jurisdiction of the proceeding to determine the effect of irregularities as tending or not tending to deprive wards of substantial rights. However, this discretion cannot be said to extend beyond an express limitation upon the particular judicial act. In public sales by guardians the law assumes that the public bidding, coupled with authority in the court upon confirmation to review the sufficiency of the price, will insure protection of the ward, and in such sales no appraisement is required. In private sales, as a protection to the ward, the law has substituted appraisement for public auction, and expressly limited the power of the court to review the sufficiency of the sale price by an express limitation as to amount.

We must hold that the provision that no private guardian's sale shall be confirmed by the court unless the sum offered is at least 90 per cent. of the appraisement, nor unless the real estate sold has been appraised within one year from the time of such sale, is mandatory, and that an order of confirmation and guardian's deed violating this provision are absolutely void. We should not be understood as holding, however, that mere irregularities in the appraisement proceedings would have such effect, if such irregularity was not such as to deprive the appraisement of substance.

Defendant in error says, however, that the appraisement in this case is irregular and does not amount to an appraisement, for the reason that it was not properly signed by the appraisers, and that there was no appraisement in fact. This would not help the situation; for under the section of the statutes in question the sale would be void if there were no appraisement. However, the appraisers were properly appointed, the oath of the appraisers was signed, the bill for fees was signed and verified, the affidavit stating that the services had been rendered, and the appraisement returned and properly filed, and the defects in it are only irregularities.

As to the proposition that this suit is a collateral attack upon the guardianship deed and sale proceedings in the county court, while the recent decisions of this court

(Bridges v. Rea, supra, and Brewer v. Dodson, 60 Okla. 81, 159 Pac. 329), hold that an attack upon a judgment upon the ground of fraud is a direct attack, yet in this case the directness or collateralness of the attack is immaterial, both of the grounds set up in the amended petition, if true, rendering the judgment of confirmation absolutely void and subject to collateral attack. A judgment obtained by fraud is absolutely void. Bridges v. Rea, supra; Brewer v. Dodson, supra; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372.

If the facts alleged in this case are true, the order of confirmation would be absolutely void on account of fraud vitiating the jurisdiction, as held by the above cases and numerous other cases in this court, and also would be void for the further reason that it violated the appraisement, which the court was without jurisdiction to do, as hereinabove shown. A void judgment is a nullity, and may be attacked collaterally. Roth v. Union Nat. Bank, 58 Okla. 604, 160 Pac. 505; Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071; Brewer v. Dodson, supra.

The jurisdictional invalidity of the order of confirmation in this case, in so far as affected by the violation, is shown by the record of the sale proceeding in the county court, upon which the order is based. Where the record in a case affirmatively discloses the facts to be such that the court was without power in such case to make the order or decree it assumes to make, the order or decree is void and subject to collateral attack. Roth v. Union Nat. Bank, supra.

The opinion in the last-cited case of Roth v. Union Nat. Bank, by Mr. Justice Thacker, contains an unusually comprehensive citation and analysis of authorities from this court and other courts upon the effect of the verity imported by a judgment, and concludes that, if the lack of jurisdiction to make the judgment or order affirmatively appears in the record proper, upon which the judgment or order is based, the judgment or order is subject to collateral attack.

From the above it follows that the amended petition in this case stated causes of action upon the two grounds set up by it, that it was not necessary for plaintiff, in this particular case, to tender back the consideration of the deed, and that the lower court was in error in so holding.

The order and judgment of the lower court sustaining the demurrer to the amended petition and dismissing the cause should be re-

versed, and the cause remanded for further proceedings in accordance herewith.

By the Court: It is so ordered.