## SAMPSON et al. v. SMITH et al.

No. 5185—Opinion Filed June 19, 1917.

(166 Pac. 422.)

(Syllabus by the Court.)

**Guardian and Ward—Sales—Statute.**

Section 6384, Rev. Laws Okla. 1910, which provides that no sale of lands of minors at private guardianship sale shall be confirmed unless the bid is at least 90 per cent. of the appraised value thereof, or unless there has been an appraisement of such lands within a year prior to the sale, is mandatory, and goes to the jurisdiction of the court to make the order of confirmation. Where an order of confirmation of such a sale is made in violation of such provision, the order of confirmation is void for want of jurisdiction.

Error from District Court, Carter County; S. H. Russell, Judge.

Action by John Sampson and others against C. R. Smith and others. Cross-petition by Steve Sampson and other defendants against co-defendants Smith and others. Demurrers to cross-petition sustained, and cross-petitioners bring error. Reversed and remanded.

W. A. Baker, L. S. Dolman, and Sigler & Howard, for plaintiffs in error.

Chas. Von Weiss, T. L. Wright, Moore & Bass, W. F. Bowman, and Coleman & Lasher, for defendants in error.

RAINEY, J. John Sampson instituted this suit in the district court of Carter county, Okla., against C. R. Smith, Mattie Alexander, administratrix, Porter Staples, J. E. Bowles, Alice E. Staples, B. F. Henshaw, guardian, J. W. Post, Laura Post, the Farmers' Loan & Security Company, a corporation, C. P. Vandenburg, Steve Sampson, and Emeline Parker, W. F. Whittington, Alice Whittington, First National Bank, a corporation, B. S. Curtis, George Terry, W. N. Oakman, and J. Nola Oakman, for the cancellation of certain deeds made by him in the years 1907, 1908, 1909, and 1910, which he claimed to be void, for the reason that they were not approved by the Secretary of the Interior, or by the judge of the county court having jurisdiction of the settlement of the estate of the deceased allottee, which contention was sustained by this court in case No. 5184, John Sampson, Plaintiff in Error, v. C. R. Smith et al., Defendants in Error, this day decided, 64 Okla. 103, 166 Pac. 422.

Emeline Parker, Steve Sampson, Oscar Sampson, Spence Sampson, Artis Sampson, Cenie Sampson, and B. F. Henshaw, guardian, plaintiffs in error in this case, No. 5185 in this court, were made defendants in the district court. In said court said parties, who were minors and who appeared by their guardian, filed a cross-petition against their

codefendants, C. R. Smith, C. P. Vanderburg, W. F. Whittington, and Porter Staples, alleging that a purported guardianship sale of their interest in the land to C. R. Smith, C. P. Vandenburg, Porter Staples, and W. F. Whittington and all the deeds and mortgages purporting to convey title to their interest in said lands by and through said guardianship sale proceedings were void, for the reason that their said lands were not sold for as much as 90 per cent. of the appraised value thereof. It was alleged that the lands sold to C. R. Smith was appraised at $700 and sold to him for $425; that the land sold to C. P. Vandenburg was appraised at $360, and sold to him for $198.50; that the land sold to W. F. Whittington was appraised at $240, and sold to him for $45, and that the land sold to Everet Noble was appraised at $390, and sold to him for $231. This sale was at private sale. To the answer and cross-petition containing this allegation the trial court sustained the demurrers interposed by the defendants. This was error.

Section 6384, Rev. Laws Okla. 1910, so far as applicable, reads:

"6384. Limit of Price—Appraisement. No sale of real estate at private sale shall be confirmed by the court unless the sum offered is at least ninety per cent. of the appraised value thereof, nor unless such real estate has been appraised within one year of the time of such sale."

In the case of Winters v. Oklahoma Portland Cement Co., 65 Oklahoma, 164 Pac. 965, this section of our statute was construed. It appears from an examination of that case that the trial court sustained a demurrer to a petition alleging that the land was appraised for $4,200, and was sold for only $2,750.

This court, in an opinion by Commissioner Johnson, held that the trial court erred in sustaining the demurrer, and in construing said statute said:

"The words of this section are expressly prohibitory. They do not simply and only say that an appraisement shall be had, but directly say that the court shall not act except under the given conditions. The inhibition strikes at the power of the court, and leaves no discretion whatsoever in the court. It does not pertain to any step, intermediate to the acquirement of jurisdiction of the sale proceeding and the order of confirmation, but to the power to make the order of confirmation itself. The appraisement is not even necessarily a part of the sale proceeding proper, but may have been made at any time within a year prior thereto, and long before the court acquired jurisdiction of the sale proceeding; but the statute provides that the court shall not make the order, except it is in existence, and in conformity to it."

This cause is reversed and remanded, with directions to the trial court to set aside the order sustaining the demurrers to the cross-petition filed by the plaintiffs in error.

All the Justices concur, except KANE, J., absent.