**SAMPSON v. SMITH et al.**

No. 5184—Opinion Filed June 19, 1917.

(166 Pac. 422.)

(Syllabus by the Court.)

**1. Indians—Indian Lands—Allotments.**

A full-blood Mississippi Choctaw Indian, duly enrolled as such, is a member of the Choctaw Tribe of Indians, and the land allotted to her, as such, is governed by the terms and provisions of the Choctaw-Chickasaw Supplemental Agreement (Act Cong. July 1, 1902, c. 1362, 32 Stat. 641) and all subsequent legislation of Congress with reference to the Choctaw Tribe of Indians, except where otherwise expressly provided.

**2. Same—Conveyances.**

Conveyances of inherited lands made in 1907 by the full-blood heir of a Mississippi Choctaw Indian, who died in 1903, are void unless approved by the Secretary of the Interior, and conveyances by such heir made after the taking effect of the act of May 27, 1908 (35 Stat. 315, c. 199), are void unless approved by the judge of the county court having jurisdiction of the settlement of the estate of the deceased allottee.

Hardy and Rainey, JJ., dissenting in part.

Error from District Court. Carter County; S. H. Russell, Judge.

Action between John Sampson and C. R. Smith and others. There was a judgment for the latter, and the former brings error. Reversed and remanded.

W. A. Baker and L. S. Dolman, for plaintiff in error.

Chas. Von Weiss, Sigler & Howard, T. L. Wright, Moore & Bass, W. F. Bowman, and Coleman & Lasher, for defendants in error.

PER CURIAM. This case is on appeal from the district court of Carter county, Okla.

Selia Sampson, a full-blood Mississippi Choctaw Indian, died in 1903, but her enrollment was not approved by the Secretary of the Interior until March 2, 1907, and certificates of allotment were not issued until the years 1907 and 1908.

During the years 1907, 1908, 1909, and 1910 John Sampson, father of Selia Sampson, a full-blood Mississippi Choctaw Indian, executed a series of deeds to some of the defendants in error. These deeds were not approved either by the Secretary of the Interior or by the judge of the county court having jurisdiction of the settlement of the estate of the deceased allottee. The deeds executed by the heirs of Selia Sampson prior to the taking effect of the act of May 27, 1908, are void, because not approved by the Secretary of the Interior, and the deeds executed after the taking effect of said act are void, because not approved by the judge of the county court having jurisdiction of the settlement of the estate of the said Selia Sampson, deceased.

The legal questions involved are substantially the same as in case No. 4379, Sampson et al. v. Staples, 55 Okla. 547, 155 Pac. 213, and the law as therein announced governs this case.

The trial court held that the unapproved deeds were valid, which holding is error.

The cause is therefore reversed, and remanded for a new trial.

All the Justices concur, except HARDY and RAINEY, JJ., who dissent from paragraph 2 of the syllabus.