## OKLAHOMA PORTLAND CEMENT CO. v. WINTERS.

No. 9790—Opinion Filed Dec. 23, 1919.

(Syllabus by the Court)

1. **Appeal and Error—Law of the Case—Former Appeal.**

Record examined, and held, that this case is ruled by the law of the case as announced in the fifth paragraph of the syllabus of the opinion rendered in the case on a former appeal as reported in 164 Pac. 965 (65 Oklahoma).

2. **Guardian and Ward—Private Sale—Confirmation—Jurisdiction.**

The provision of the statutes (Rev. Laws 1910, sec. 6384) which provides that no sale of lands of minors at private guardianship sale shall be confirmed where the bid is not 90 per cent of the appraised value, or where there has been no appraisement of such lands within a year prior to the sale, is mandatory, and goes to the jurisdiction of the court to make the order of confirmation. Where an order of confirmation of such a sale is made in violation of such provision, the order of confirmation is void for want of jurisdiction.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Walter B. Winters, by his next friend, J. M. Daggs, against the Oklahoma Portland Cement Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. F. McKeel, for plaintiff in error.

B. C. Wadlington, for defendant in error.

KANE, J. This is the second appeal pros-

ecuted by the plaintiff in error in this action. The action was commenced by the defendant in error, plaintiff below, for the purpose of setting aside a guardian's deed upon the following grounds:

(1) That the guardianship sale was induced by fraud, and that said sale was therefore void.

(2) That the lands which the plaintiff seeks to recover by this action were sold for less than 90 per cent of the appraised value thereof, and said deed is therefore void.

Upon a demurrer being sustained to the petition upon the ground, among others, that it did not state facts sufficient to constitute a cause of action, the plaintiff appealed to the Supreme Court, where the ruling of the trial court was reversed and the cause remanded, with directions to overrule the demurrer. In that proceeding in error the cause was entitled Winters v. Oklahoma Portland Cement Company, and the opinion rendered therein is reported in 164 Pac. 965 (65 Oklahoma). In that case the fourth and fifth paragraphs of the syllabus by the court read as follows:

"After a county court obtains jurisdiction of a guardianship sale proceeding, all irregularities and defects between the acquirement of jurisdiction and the order of confirmation are cured by the order of confirmation, to the extent that the order of confirmation may not be collaterally attacked on account of such irregularities; but this rule does not extend the jurisdictional matters."

"The provision of the statutes (Rev. Laws 1910, sec. 6384) which provides that no sale of lands of minors at private guardianship sale shall be confirmed where the bid is not 90 per cent of the appraised value, or where there has been no appraisement of such lands within a year prior to the sale, is mandatory, and goes to the jurisdiction of the court to make the order of confirmation. Where an order of confirmation of such a sale is made in violation of such provision, the order of confirmation is void for want of jurisdiction."

On the new trial which followed the mandate of the Supreme Court, there was little or no evidence offered to sustain the paragraph of the petition charging fraud, and that branch of the case was abandoned. On the second branch of the case it was conclusively shown by the proceedings had in the county court, and other evidence, that the guardian sale was confirmed, notwithstanding the bid was not 90 per cent of the appraised value of the land involved. Upon this being made to appear the trial court,

following the ruling of the Supreme Court on that point on the former appeal, rendered judgment in favor of the plaintiff, to reverse which this proceeding in error was commenced.

Counsel for the defendant concedes that the question he now asks the court to pass upon is the same question passed upon by this court on the former appeal, saying in his brief:

"In again presenting this case to this court we are not unmindful of the fact that when this case was on appeal before, this court held that if the county court of Pototoc county approved a guardianship sale in this case for less than ninety per cent of the appraised value of the property sold, that the sale was void, and in presenting this particular question to the court we know we are asking the court to review its former action."

Notwithstanding this concession, counsel argues with more zeal than candor, it seems to us, that the law of the case rule does not apply because, he says:

"In this case the validity of a sale which did not comply with the 90 per cent statute was not before the court on the former appeal. The sole question appealed from before was whether or not the plaintiff must tender back to the defendant the price paid for the property when he sought to avoid the sale on the ground of fraud. Any decision of any other question, such as the validity of the 90 per cent statute, was obiter dictum pure and simple, and no court wants to follow a decision that was not based upon the issues before it."

We are unable to agree with counsel in this contention. The demurrer to the petition filed by the defendant squarely raised this question, and whether the trial court sustained the demurrer on that or some other ground is wholly immaterial. On the former appeal this question was discussed in the briefs of counsel for both parties at great length, and it was passed upon by the court upon the theory that it was one of the vital questions in the case, as it undoubtedly was. It is too late now, after inviting the opinion of the court on this question on the former appeal, to say that the trial court did not specifically pass upon it in sustaining the demurrer to the petition.

Moreover, we have examined the opinion of Commissioner Johnson again, as we did when we approved it on former appeal, and believe that the ruling on the question now under consideration is correct. The authorities cited by the learned Commissioner are in point and support his ruling on this question, and the conclusion reached is not, as

contended, contrary to the decisions of this court in Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184; Baker v. Cureton, 49 Okla. 15, 150 Pac. 1090; Welch v. Focht, 67 Oklahoma, 171 Pac. 730, or any other case of this class. In our judgment this case, as held by the learned Commissioner, is governed by the authorities cited by him in support of his opinion, and particularly by such cases as Roth v. Union National Bank, 58 Okla. 604, 160 Pac. 505 and Mobbs v. Millard, 106 Ark. 563. We think the case of Roth v. Union National Bank, supra, is precisely in point in principle.

As the opinion prepared by the learned Commissioner carefully and satisfactorily distinguishes Hathaway v. Hoffman, Baker v. Cureton, and other cases of this class relied upon by counsel for defendant, from the case at bar and the other cases by which it is ruled, no further discussion of these cases is necessary.

For the reasons stated, the judgment of the court below is affirmed.

OWEN, C. J., and JOHNSON, PITCHFORD, HIGGINS, and BAILEY, JJ., concur.