**ABRAHAM et al. v. LOZIER et al.**

No. 15393—Opinion Filed June 9, 1925.

**Guardian and Ward—Invalidity of Guardian Sale of Land.**

The provision of the statutes (Rev. Laws 1910, sec. 6384) which provides that no sale of lands of minors at private guardianship sale shall be confirmed where the bid is not 90 per cent. of the appraised value, or where there has been no appraisement of such lands within a year prior to the sale, is mandatory, and goes to the jurisdiction of the court to make the order of confirmation. Where an order of confirmation of such a sale is made in violation of such provision, the order of confirmation is void for want of jurisdiction. Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County: John L. Norman, Judge.

Action by Ada Lozier against Joe Abraham and others. From judgment for plaintiff, certain defendants appeal. Affirmed.

Cheatham & Beavers, McPherren, Wil. .n & Lydick, and M. E. Jordan, for plaintiffs in error.

W. L. Ransom, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Creek county, Okla., by Ada Lozier, plaintiff, appellee herein, against the defendants, who appear as plaintiffs in error, to recover possession of a one-third interest in certain lands, and for damages for the wrongful detention thereof. In answer to plaintiff's petition, the defendants Joe Abraham, Fannie Abraham, and Arthur Newman filed their answer, wherein they claim title to the interest sued for by reason of a guardian's deed, which was executed and approved by the county court of Creek county in 1913 and the other parties, defendants in the trial court, are persons who have some interest in the lands in controversy by reason of certain oil and gas leases. To which answer the plaintiff filed a reply and denied the validity of the guardian's deed relied upon by defendants, and avers that same is void for the reason that the land was sold for less than 90 per cent. of the appraised value thereof, and that all the leases and conveyances based upon said title as conveyed are void and of no force or effect. And prays for the cancellation of all outstanding conveyances, quieting of title, and for damages as prayed for in her petition, hence the validity of the guardian's deed becomes the controlling issue.

On the trial of the case the jury was waived and the case submitted to the court, who, after the submission of the evidence, rendered judgment in favor of the plaintiff, awarding one-third of the land involved to plaintiff, the interest sued for, and quieting title in plaintiff. The questions involving damages and accounting were reserved. No judgment seems to have been rendered in this particular, from which judgment of the court the appellants prosecute this appeal, and assign as error, first, that the judgment is contrary to law and not supported by the testimony of the case; third, that the court committed error in holding that said guardian's sale by which Ada Lozier was divested of title to the land in controversy was void for the reason that said sale was not

made for 90 per cent. of the appraised value of said land at said sale, etc.

Other assignments are made, but the question raised by the third assignment of error, we think, is decisive of the rights of the parties in this case, and is a question which has been frequently decided by this court in the past, adversely to appellants' contention. There are some other questions which we might call attention to, wherein appellants complain of the ruling of the court in excluding certain evidence offered by the defendants in the trial court, tending to prove that the land was in fact sold for 90 per cent. of its appraised value, contrary to the facts as shown by the face of the record.

In 22 Corpus Juris, pages 1070 to 1077, will be found a general discussion of this question. On page 1077 we find this statement:

"The rule under discussion is stringently enforced to forbid the admission of any parol or extrinsic evidence to contradict, impeach, vary, or explain judicial records," etc.

And the cases of Seifert v. Seifert, 82 Okla. 230, 200 Pac. 243; Condit v. Condit, 66 Okla. 215, 168 Pac. 457; Jefferson v. Galagher, 56 Okla. 405, 150 Pac. 1071, and various other authorities are cited in support of this doctrine, and the court, in our judgment, was correct in excluding oral evidence that tended to contradict or vary the facts, as disclosed by the record, of the proceedings had in the guardianship sale.

Appellants make the further contention that the appraisement relied on by appellee was void for the reason that the officer before whom the appraisers subscribed the oath did not attach his signature to his jurat; this is in the nature of an irregularity and is not sufficient, standing alone, to make void the entire proceedings. This court. in the case of Ross v. Groom, 90 Okla. 270, 217 Pac. 480, in dealing with a similar question said:

"The question of the regularity and sufficiency of the appraisement in this case was a proper matter for a determination by the court at the time of the confirmation of the sale, and the sale having been confirmed, the irregularities complained of are not subject to attack in a collateral proceeding. The appraisement was actually made and filed, and as to whether the appraisers exceeded their authority or whether the appraisement was properly made, were proper questions for the county court to determine."

And under the decisions of this court. we are inclined to the opinion that the appraisement would be sufficient as against a collateral attack, but even though conceding that the appraisement is void as contended by appellants, we are unable to see how the appellants could avail themselves of such condition. Appellants further contend that the court should indulge in the presumption that there had been an appraisement made within one year as provided by the law of this state, and that 'the property sold for 90 per cent. of the appraised value, and makes the contention that the appraisement as disclosed by the record. should be disregarded and the presumption indulged that there was another appraisement, and that the sale was in conformity to the same. This court, as well as many others, has established the most liberal rules possible to give effect and validity to the judgment of probate courts, and indulges in many presumptions in order to maintain the judgment of courts of general jurisdiction, but we know of no authority that authorizes the presumption of other records, and facts which might maintain the judgment of the court, when the records appear to be complete; in other words, if there is an absence of any record the presumption is indulged by some courts that the jurisdictional facts existed that authorized the court to render the judgment rendered. If the record discloses no service, it has been held that the court will indulge the presumption that there was in fact service as against a collateral attack, but where the record discloses service which is void upon its face, then the court under such circumstances is not permitted to indulge in the presumption that there is another and different service than that which the record, discloses.

In 15 Standard Enc. page 439, the author states:

"The presumptions of jurisdiction heretofore disclosed are predicated upon a silent record. They cannot arise in opposition to the record itself for it is presumed to speak the truth. Where therefore, the record shows what was done by way of obtaining jurisdiction there can be no presumption that anything different was done, and if the facts thus affirmatively disclosed upon the record are insufficient to confer jurisdiction, the judgment is a nullity and subject to collateral attack."

The same rule is announced in 15 R. C. L. page 895, and is followed by this court in the case of Pettis v. Johnston, 78 Okla. 277, 199 Pac. 681. We hold that all parties are bound by the record in this case as they find it, and the appraisement which appears

of record shows upon its face that the land was sold for less than 90 per cent. of its appraised value, and under the law in this jurisdiction, is void.

In the case of Winters v. Portland Cement Co., 65 Okla. 132, 164 Pac. 965, this court. in passing on the provisions of section 6384, Rev. Laws 1910, which provides that no sale of lands of minors at private guardianship sale should be confirmed where the bid is not 90 per cent. of the appraised value or where there has been no appraisement of such lands within a year prior to the sale, held that the statute is mandatory and goes to the jurisdiction of the court to make the order of confirmation. Where an order of confirmation of such a sale is made in violation of such provisions, the order of confirmation is void for want of jurisdiction.

This seems to be the well settled rule in this state., and we think a correct rule under our statutes, and we, therefore, hold that the judgment of the trial court was correct, and same, should be affirmed.

By the Court: It is so ordered.