## LITTLEHEAD v. SHEPPARD et al.

No. 16921—Opinion Filed Sept. 28, 1926.

Rehearing Denied Dec. 14, 1926.

1. **Guardian and Ward—Validity of Private Sale of Land—Appraisement—Statute Mandatory.**

The provision of section 1280, C. O. S. 1921, that "No sale of real estate at private sale shall be confirmed by the court unless the sum offered is at least 90 per cent. of the appraised value thereof. nor unless such real estate has. been appraised within one year of the time of such sale," is mandatory and goes to the jurisdiction of the court. An order of confirmation made without such appraisement, or based upon a void appraisement, is void.

2. **Same—Invalidity of Appraisement.**

An appraisement of an interest in real estate belonging to a minor in a guardianship proceeding which wholly fails to fix a value upon the property sought to be appraised is a mere nullity and equivalent to no appraisement at all.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Ada Littlehead, an incompetent full-blood Indian, by her guardian and next friend, Walter Boatwright. against John W. Sheppard, D. D. Mickelson, O. C. Coppedge, and James E. Hogan Oil Company. Judg-

ment for the defendants John W. Sheppard and O. C. Coppedge, and plaintiff appeals. Reversed and remanded, with directions.

Vilas V. Vernor and Charles A. Moon, for plaintiff in error.

Cheatham & Beaver and Hughes, Foster & Ellinghausen, for defendants in error. ·

Opinion by DICKSON, C. The plaintiff in error was plaintiff and the defendants in error were defendants in the trial court, and they will be so designated in this opinion.

Leslie Littlehead, a full-blood Creek Indian, died unmarried, intestate, and without issue, on June 20. 1899. Afterwards, and on June 30, 1905, the said Leslie Littlehead was duly enrolled opposite No. 10020. Afterwards there was selected as and for an allotment for the heirs of said Leslie Littlehead, deceased, the following described tracts of land :

"South half of northwest quarter of section 13, township 17 north, range 9 east, 5 miles due west of Kelleyville, and south half of northeast quarter of section 19, township 15 north, range 9 east, 4½ miles due south of Bristow" all in Creek county.

And a certificate of said selection was issued under date of October 7, 1905, and on March 1, 1906, pursuant to said selection, deeds were executed and delivered by the Principal Chief of the Muskogee (Creek) Tribe of Indians, conveying said tracts of land to the heirs of the said Leslie Littlehead, deceased. The heirs of said Leslie Littlehead surviving him were his father, Willie Littlehead, his mother, Nannie Littlehead, his brother, Joe Littlehead, and his sister, ·this plaintiff, all duly enrolled full-blood Creek Indians and all living on October 7, 1905. Willie Littlehead, the father of the plaintiff, died intestate in 1907 or 1908. The exact date of his death is not clear from the record, but this is not important, as it is admitted that the plaintiff inherited a substantial interest in the lands involved in this suit under the law of descent in force prior to statehood ·in the Creek Nation, or under the Oklahoma statute. Joe Littlehead, the brother of the plaintiff, died single, intestate, and without issue, on September 20, 1907. The plaintiff, being a minor, a guardian was appointed for her by the county court of Muskogee county, and in May, 1910, said guardian commenced a proceeding in the county court of Muskogee county to secure an order authorizing him to sell at private sale all of the interest of the plaintiff in the tracts of land above described.

On May 12, 1910, the county court of Mus-

kogee county made an order appointing appraisers for the estate of said ward. Pursuant to this order, on May 25, 1910, said appraisers made and filed their inventory and appraisement of the interest of said ward in the several tracts of land, including the lands involved in this suit. Said appraisement, so far as material here, is as follows:

"We, the undersigned appraisers, appointed to appraise the real estate of Ada Littlehead, a minor, mentioned and described in the order of license made and entered in the county court of said Muskogee county, on the 12th day of May, 1910, do most respectfully certify that having first taken and subscribed the oath required by law, we do make the following appraisal of said lands at the fair cash value, that is to say: All the right, title, and interest of Ada Littlehead, the said minor, in and to the following described real estate, to wit."

Then follows a description of a tract of land in Tulsa county appraised at $320; another tract of land in Wagoner county appraised at $266; another tract of land appraised at $998.50; then follows the first tract of land mentioned in this opinion, and opposite the description thereof is the word "None"; then follows the second tract of land herein described, and opposite said description the word "None"; then follows the description of other lands, together with the appraised value thereof.

On June 6, 1910, the guardian of the minor sold the plaintiff's interest in the two tracts of land above described to one J. E. Leaverton at private sale for $50. This sale was confirmed by the county court of Muskogee county on June 27, 1910, the county court finding, inter alia, that $50 was more than 90 per cent. of the appraised value of said lands, and a guardian's deed was issued and delivered to the purchaser pursuant to the order of confirmation. The defendant claimed title through mense conveyances from said guardian.

On September 15, 1920, the plaintiff commenced this action in the district court of Creek county to set aside said guardian's deed and mesne conveyances based thereon, for possession of said lands, and for an accounting for rents and profits.

The defendants John W. Sheppard and O. C. Coppedge answered separately, admitting that the tracts of land involved were allotted to the heirs of Leslie Littlehead, deceased, but they allege that any interest the said plaintiff may have had in said lands had been divested by the guardianship proceedings herein referred to, and set up the proceedings of the county court of Muskogee county "In the Matter of the Guardianship of Ada Littlehead." By separate replies the plaintiff put in issue the affirmative allegations contained in the separate answers of the defendants John W. Sheppard and O. C. Coppedge. The defendants D. D. Mickelson and James E. Hogan Oil Company did not appear, and judgment went against said defendants by default.

Between the time the suit was filed and the date of the trial the plaintiff in error attained her majority, and was adjudged to be an incompetent, and said Walter Boatwright was appointed as her guardian.

Upon the trial had in the district court on July 2, 1925, a judgment and decree was entered for the answering defendants and against the plaintiff; the court, in effect, holding that the appraisement of the plaintiff's interest in said real estate was in all respects valid, and that she was divested of all interest in said real estate by the guardian's deed, and that the defendants John W. Sheppard and O. C. Coppedge were the owners in fee simple of said lands, and quieting the title in said defendants against the plaintiff and all persons claiming through or under her since the commencement of the action. A motion for a new trial was filed and overruled, and the plaintiff has duly appealed to this court by petition in error with case-made attached.

The sole question presented for our consideration is the validity of the guardian's deed. The plaintiff's interest in the two 80-acre tracts of land was sold at private sale for $50. Section 1280, C. O. S. 1921, is as follows:

"No sale of real estate at private sale shall be confirmed by the court unless the sum offered is at least 90 per cent. of the appraised value thereof, nor unless such real estate has been appraised within one year of the time of such sale. If it has not been so appraised, or if the court is satisfied that the appraisement is too high or too low, appraisers must be appointed, and they must make an appraisement thereof in the same manner as in case of an original appraisement of an estate. This may be done at any time before the sale or the confirmation thereof."

It will be observed that this section in direct terms prohibits the confirmation of a sale unless the sum bid is at least 90 per cent. of the appraised value thereof. It is then provided that if the appraisement is too high or too low, the court may cause a new appraisement to be made, but in no event can the sale be confirmed in the absence

of an appraisement, and in the absence of a bid of at least 90 per cent. thereof. The so-called appraisement, in the instant case, covered a number of tracts of land lying in different counties. With the exception of the lands involved in this suit, all the other tracts were described, and the value of each tract set out opposite the description in dollars and cents, as required by section 1211, C. O. S. 1921. When the appraisers reached the tracts involved in this suit they satisfied themselves by writing the word "None" opposite each description. Just what they meant is not apparent; they may have meant that the minor had no interest in these tracts, or they may have meant and intended to report to the court that they made no appraisement of these tracts.

It seems inconceivable that a substantial interest in two 80-acre tracts of land was absolutely worthless. As we view it, the appraisement as to these tracts of land was an absolute nullity. "Appraisement" means:

"A valuation of, or an estimation of, the value of property." 4 C. J. 1108.

The fact that the lands were sold for $50 indicates that they had some value, and the testimony in this case is conclusive that the plaintiff's interest was of a substantial value.

The provisions of section 1280, supra, are mandatory. Glory v. Bagby, 79 Okla. 155, 188 Pac. 881; Sampson v. Smith, 64 Okla. 103, 166 Pac. 422; Abraham et al. v. Lozier et al., 110 Okla. 221, 237 Pac. 85.

The defendants cite Welch v. Focht, 67 Okla. 275, 171 Pac. 730. Tiger v Drumright, 95 Okla. 174. 217 Pac. 453, and Kelso v. Sheppard, 105 Okla. 281, 232 Pac. 181, and argue that the presumption of law is that the appraisers did their duty, and that the court inquired into the value of the property, and was satisfied that $50 was not disproportionate to the value of said lands.

This contention is unsound and not supported by the authorities cited. By the plain terms of the section quoted, the value of the land must be fixed by appraisement and not by the finding of the court. In the case of Tiger v. Drumright, supra, an appraisement was made on August 4, 1911, and it was contended that this appraisement was void, and the court remarked:

"An appraisement having been made and filed, the regularity and sufficiency thereof was a proper matter for the determination by the court upon confirmation of the sale, and the sale having been confirmed, the irregularities complained of are not subject to attack in a collateral proceeding."

It was held in Oklahoma Portland Cement

Co v. Winters, 77 Okla. 36, 186 Pac. 468, that a sale in the absence of an appraisement was void. In Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965, it was held that the sale of the lands of a minor, without appraisement, was void. And we are unable to distinguish between a void appraisement and no appraisement at all. In the Drumright Case the appraisement was irregular, in that the appraisers took the oath after instead of before viewing and inspecting said land. This was an irregularity not rendering the appraisement void.

The other questions involved in this case are not presented in the briefs, and for the reasons stated the judgment of the district court of Creek county is reversed, and the cause remanded, with directions to set aside the decree quieting title in and to said lands in the defendants John W. Sheppard and O. C. Coppedge, and enter a decree setting aside the guardian's sale and the several conveyances based thereon, and to further proceed with the case in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See 28 C. J. p. 1187, §323 (Anno).