## SHARPE v. McDONALD.

No. 14888—Opinion Filed Jan. 7, 1925.

Rehearing Denied Feb. 17, 1925.

1. **Guardian and Ward—Guardian Sale of Land—Invalidity.**

The provision of the statutes (Comp. Stat. 1921, sec. 1280) which provides that no sale of lands of minors at private guardianship sale shall be confirmed where the bid is not 90 per cent. of the appraised value, or where there has been no appraisement of such lands within a year prior to the sale, is mandatory. and goes to the jurisdiction of the court to make the order of confirmation. Where an order of confirmation of such a sale is made in violation of such provision, the order of confirmation is void for want of jurisdiction. Glory v. Bagby, 79 Okla. 155, 188 Pac. 881.

2. **Same—Insufficiency of Appraisement.**

Where the appraisers are directed to appraise the fee estate in a guardian sale as provided under section 1280, Comp. Stat.

1921, and make their return in accord therewith, and the county court makes an estimate, or appraisement of the value of the interest of the ward, subject to a life estate, and approves a sale for 90 per cent. of the estimate made by the court, rather than 90 per cent. of the appraised value as shown by the return of the appraisers, the confirmation of the sale. and the conveyance based thereon are void.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Murray County; W. L. Eagleton, Judge.

Action by Leepoe McDonald against E. A. Sharpe. Judgment for plaintiff, and defendant appeals. Affirmed.

Young & Haste and W. A. Disch, for plaintiff in error.

W. N. Lewis and W. G. Long, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Murray county, Okla., by the defendant in error, as plaintiff in the trial court, against the plaintiff in error, as defendant in the trial court. The plaintiff alleges in his petition that Susanna McDonald, deceased, a full-blood Choctaw Indian, was his mother and allotted the land here in controversy, that the said Susanna McDonald died prior to statehood, leaving her husband, Lee McDonald, and two minor children, Philintah-hona and Leepoe McDonald. surviving her. Philintah-hona McDonald died intestate, unmarried, and without issue, and it is agreed that her interest in the land inherited from her mother, at the death of said Philintah-hona McDonald. descended to Leepoe McDonald, the plaintiff in this case.

The lands inherited by the said Leepoe McDonald were thereafter sold at guardian sale by the guardian of the said Leepoe McDonald, and this suit is brought to cancel and set aside the conveyance made by said guardian, and the principal ground alleged for cancellation of said conveyance is that the land did not sell for 90 per cent. of its appraised value at the guardian sale. which allegation is denied by the defendants.

On the trial of the case before the court, without the intervention of a jury, judgment was rendered in favor of the plaintiff, Leepoe McDonald, to which the defendant duly excepts and prosecutes this appeal. There is no conflict in the evidence or as to the facts in this case. The records of the probate court, which were introduced in evidence, and are copied by plaintiff in error

in his brief, show that the county court of Carter county appointed appraisers to appraise the real estate of Leepoe McDonald, describing said land in the ordinary manner by sectional divisions, and the record shows that 70 acres of land in Garvin county, Okla., was appraised at $630 and certain land in Murray county was appraised at $1,040.

The county court treated these appraisements as being appraisements of the entire interest, or fee simple estate in the land, and on the trial of this case evidence was offered to show that when the approval of the guardianship sale was had before the county court, proof was offered to determine the interest of Leepoe McDonald in said lands, and a table was offered in evidence, designated -Dr. Widdleworth's tables of present values of life interest in real estate, for the purpose of showing the value of the interest of Leepoe McDonald and the value of the life estate held by the father, Lee McDonald, and it was determined by the court, and by reason of the evidence offered and the tables referred to, that the comparative value of the interest of the father, Lee McDonald, by reason of his life estate was 67.84 per cent., which would leave the present value of the reversionary interest of the son, Leepoe McDonald, 32.16 per centum.

Such evidence was clearly incompetent. The action of the county court in thus undertaking to estimate and reappraise the interest of the minor being unauthorized by statute and contrary to section 1280, Comp. St., the judgment roll of the county court on these matters is conclusive and cannot be supplemented by oral testimony.

Other questions are raised by the assignment of error, but we take it that the question of appraisement is decisive of the rights of the parties in this case, and as disclosed by the record, is clearly sufficient to sustain the judgment of the trial court.

Section 1280, Comp. Stat. 1921, is as follows:

"Limit of Prices—Appraisement. No sale of real estate at private sale shall be confirmed by the court unless the sum offered is at least ninety per cent. of the appraised value thereof, nor unless such real estate has been appraised within one year of the time of such sale. If it has not been so appraised, or if the court is satisfied that the appraisement is too high or too low, appraisers must be appointed, and they must make an appraisement thereof in the same manner as in case of an original appraisement of an estate. This may be done at any time before the sale or the confirmation thereof."

The language of this provision of our law is clear and unambiguous, and the facts, as established by plaintiff, clearly show that the proceedings in this case were had in utter disregard of this provision of the law relative to appraisements. It is evident from the record that the appraisers were directed to appraise the fee simple estate in the land, they were not advised as to the interest of the father by reason of his life estate, and the court attempted to appraise the value of the interest held by the son based on the appraisement made by the appraisers of the entire estate. This is contrary to the provisions of the statute, and we know of no authority of law authorizing the county judge to appraise land or any interest therein; if the appraisement is improper in any particular, it is the duty of the court to have the property reappraised, and a sale and conveyance based on such an appraisement as was had in this case is void and subject to collateral attack. As stated by this court in the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681:

"Any order it may make, or decree it may enter is void and confers no right or interest upon any one claiming to be a beneficiary thereunder. The judgment which is void on its face and which requires only an inspection of the judgment rolls to demonstrate its want of vitality is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists, it can bear no fruit to the plaintiff, but is a constant menace to the defendant."

And in the case of Glory v. Bagby, 79 Okla., page 155, 188 Pac. 881, which involves the same principle, and construes section 1280, Comp. Stat. 1921, heretofore quoted, the court said:

"It is suggested that the minor only owned an undivided one-half interest in and to said land and that sale was for one-half of the appraised value, but in this we cannot agree, as all the proceedings disclosed that the interest of the minor, which at that time was described as a fee estate subject to the life interest was appraised at $1,500 and the court sold or attempted to sell that interest for $800 when appraised at $1,500. The sale was in violation of section 6384, Rev. Laws 1910, and, following the rule in the case heretofore cited, the guardian's sale was void."

These authorities are directly in point and clearly sustain the judgment of the trial court in this case, and we therefore recommend that the cause be affirmed.

By the Court: It is so ordered.

Note.—See under (1, 2) 28 C. J. p. 1182.