**PRITCHETT** et al. v. **JENKINS** et al.

No. 13805—Opinion Filed April 14, 1925.

Rehearing Denied July 14, 1925.

1. **Guardian and Ward — Guardian Sale of Land—Invalidity of Confirmation.**

The provision of the statute (section 1290, Comp. Stat. 1921, section 6384, Rev. Laws 1910), which provides that no sale of lands of minors at private guardianship sale shall be confirmed where the bid is not 90 per cent. of the appraised value of the land, is mandatory. And where an order of confirmation of such a sale is made in violation of such provision, the order of confirmation is void for want of jurisdiction. Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965; Glory v. Bagby et al., 79 Okla. 155, 188 Pac. 881.

2. **Same—Sale for Less than 90% of Appraisement.**

Where the probate record of a private guardianship sale of real estate of minors shows upon its face that the property of the minors was bid off and sold and the sale confirmed for less than 90 per cent. of the appraised value of the land, the proceeding is void upon its face; and the order of confirmation and the guardian's deed based thereon are void, and do not operate to divest the minors of their title to the land.

3. **Indians—Deed to Inherited Lands by Full-Blood—Validity.**

A deed executed by a full-blood Indian heir to inherited lands and regularly approved by the county court having jurisdiction of the settlement of the decedent's estate is effective to pass title.

4. **Disposition of Cause.**

Record examined, and held, that the judgment in favor of defendants against the plaintiff Jennie Pritchett should be affirmed; that the judgment against the other plaintiffs should be reversed, with directions.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Cherokee County; J. H. Jarman, Judge.

Action by Jennie Pritchett, Mike Proctor, and Lizzie Snail nee Pritchett, against J. A. Jenkins and W. W. Hastings. Judgment for defendants, and plaintiffs appeal. Affirmed in part and reversed in part.

J. B. Dudley, R. M. Roddie, and N. B. Maxey, for plaintiffs in error.

Vance, Bliss & Paden and W. W. Hastings, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiffs in error were the plaintiffs below,

and the defendants in error were the defendants. The parties will be referred to herein as plaintiffs and defendants as they appeared in the court below.

The plaintiffs commenced this action in the district court of Cherokee county against the defendants, to cancel instruments and to recover possession of lands described as:

"South 20 acres of lot 3, and south half of northwest quarter and northeast quarter of northwest quarter of southwest quarter of section one (1), township sixteen (16) north, range twenty-two (22) east of the Indian Base and Meridian, containing 110 acres, more or less, situated in Cherokee county, Okla.,"

—and for rents and profits. They allege that the plaintiff Jennie Prichett is the legal and equitable owner of an undivided one-half interest in the land, and that the other plaintiffs each own an undivided one-fourth interest in the land; and that plaintiffs are entitled to the immediate possession of their respective undivided interests; and that possession thereof is being withheld unlawfully by the defendants. They deraign their title through Henry Pritchett, who was a citizen and member of the Cherokee Tribe of Indians, duly enrolled as a full-blood and numbered 16158 on the final approved Cherokee rolls, and to whom was allotted the said lands as part of his distributive share of the Cherokee Indian tribal lands. Copy of the patent conveying the said lands to the said Henry Pritchett is attached to the petition and made a part thereof. They allege that the plaintiffs are full-blood Cherokee Indians; that the said allottee died on the 15th of March, 1907, intestate, without issue or lineal descendants, without father, wife, brothers, or sisters, and without any kindred either lineal or collateral of nearer kin than the plaintiffs; and that the plaintiff Jennie Pritchett is the mother of the allottee, and that plaintiff Lizzie Snail, nee Pritchett, is a daughter of a deceased brother and plaintiff Mike Proctor is a son of a deceased sister; and these plaintiffs are the sole heirs at law of the said Henry Pritchett. The plaintiffs seek to cancel and set aside a certain guardian's deed made by the legal guardian of Lizzie Snail, nee Pritchett, and Mike Proctor, for the reason that said deed was procured by fraud and in violation of the statute, which fraud and violation appears upon the face of the judgment roll in the probate proceedings, and such proceedings are, therefore, void, and the plaintiffs were never divested of their title; and to cancel a deed made by the plaintiff Jennie Pritchett because it was also procured by fraud, and that subse-

quent deeds were taken with full notice, and the grantees therein are not innocent purchasers and acquired no title. To the petition is attached a complete copy of the judgment roll in the guardianship proceedings for the sale of the land in controversy, a copy of the deed of Jennie Pritchett and the order of approval thereof with further record made in such approval, as exhibits to the petition. Plaintiffs also seek to recover rents and profits derived from the said land, appropriated by the defendants after the 7th of October, 1909, amounting to $150 per year.

The defendant W. W. Hastings filed a separate answer in which he admits the Indian status of the plaintiffs, and their relationship to the allottee of the land, but denies their ownership of the land and their right to the possession, and that he is unlawfully keeping plaintiffs out of the possession or collecting rents and profits. He admits that he took possession of the lands in question, but alleges that he did so under valid deeds, and afterwards passed the title by conveyance to the defendant J. A. Jenkins, who became the owner and has ever since been in possession; and denies that he has any interest in the land except a mortgage lien for purchase money. He admits that he took a guardian's deed to the interests in the land had and owned by Lizzie Snail, nee Pritchett, and Mike Proctor, and an approved deed from Jennie Pritchett, both of which are legal and vested him with the title. He denies that there was any fraud in procuring the deeds: and denies the right of the plaintiffs to recover on any of their alleged causes of action. He alleges that the defendant J. A. Jenkins is an innocent purchaser of the land and is now the owner thereof. The defendant J. A. Jenkins filed a separate answer to the same effect.

The plaintiffs demurred to the separate answers of the defendants, and, the demurrers being overruled, they filed replies joining the issues.

The cause was called for trial on the 3rd of April, 1922, and tried to the court without a jury. The court found the issues presented in favor of the defendants and against the plaintiffs, and rendered judgment for the defendants. The court, in effect, found that the land in question was the allotment of Henry Pritchett, a full-blood Cherokee Indian, who died intestate leaving him surviving as his sole heirs at law the plaintiff Jennie Pritchett, his mother, who inherited a one-half interest in the land, and the other plaintiffs, one a son of

a sister and the other a daughter of a brother, who inherited each an undivided one-fourth interest in the land; that James Duncan was appointed the legal guardian of two children; that such guardian by proper legal proceedings sold the interests of the two children to W. W. Hastings; that Jennie Pritchett sold her half interest in the land by a properly approved legal conveyance to W. W. Hastings; that the guardianship proceedings were regular, under the Code, and the statutory amount was paid for the land and the guardian's deed passed the title to the interests of the said Mike Proctor and Lizzie Snail, nee Pritchett, to the purchaser; that the proceedings were all had in good faith and no fraud was practiced; that W. W. Hastings became the owner in fee simple of the land in question and his grantee and those claiming under him took the title, and the title should be quieted in J. A. Jenkins, and upon the findings rendered judgment quieting the title in J. A. Jenkins as against the claim of the plaintiffs.

The plaintiffs prosecute appeal and assign error which they present under three propositions:

(1) The guardian's deed is void for the reason that the minors' interests in the land failed to bring them 90 per cent. of the appraised value of their interest therein.

(2) Where an examination of the record discloses that a sale is void, the claim of innocent purchaser cannot avail.

(3) The deed of Jennie Pritchett is void for the following reasons: (a) That a mistake of law as to her interest operated as a fraud upon her; (b) the deed is void for want of consideration, she being an ignorant, uneducated, full-blood Cherokee Indian.

The first proposition requires an examination of the probate record for the purpose of determining the regularity of the proceedings. The whole probate record was introduced in evidence in so far as it could have any bearing upon the sale of the interests Lizzie Snail nee Pritchett, and Mike Proctor in the land in controversy. On the 3rd of March, 1909, James Duncan, guardian of these plaintiffs, filed in the county court his petition for an order authorizing him to sell the interests of the minors in the land described at a private sale. He alleges that the minors are the "owners in remainder of the fee simple title * * * the land * * * at the termination of the particular life estate vested in Jennie Pritchett," which estate of Jennie Pritchett petitioner is informed is the equal

of one-third of the property. He asks for an order to sell at private sale. Upon this petition the court made an order directing a private sale of the interests in the land held by the minors as described in the petition; and the sale was ordered to be made to the highest cash bidder; and 15 days notice required by the order. The court, in a separate order, appointed appraisers to appraise the estate of Mike Proctor and Lizzie Snail, nee Pritchett, in Cherokee county. The appraisers took the required oath and appraised the property of these minors. The appraisement shows the property to be described as "the remainder in fee after the termination of the particular life estate vested in Jennie Pritchett;" etc., followed by a description, and the appraised value fixed at the sum of $400, and signed by the appraisers of date April 16, 1909. Notice of the sale of the real estate of the minors was given and published, giving notice that the above described property of the minors would be sold on or after 2 p. m. Monday, April 19, 1909, at private sale. In this notice the property of the minors is described as "remainder in fee after the termination of the particular life estate vested in Jennie Pritchett", and follows the legal description of the land. A return of sale was made under oath reporting to the court that the land, described without reference to it being a remainder in fee after the termination of the life estate in Jennie Pritchett, was bid off by and sold to W. W. Hastings at private sale for the sum of $360, which we find was 90 per cent. of the appraised value of the alleged remainder in fee owned by the minors. On the 6th of October, 1909, the court entered an order confirming the sale of all the land. The order of confirmation upon its face shows that a sale of the entire property was confirmed. It is, in effect, alleged in the answer of W. W. Hastings that the money bid and paid for the property sold, the sum of $360, was divided in this wise: $120 paid to Jennie Pritchett, $120 paid to the guardian for Mike Proctor, and $120 paid to the guardian for Lizzie Snail, nee Pritchett. The evidence adduced upon the trial establishes beyond any sort of doubt that the $360 paid by Hastings was divided among the three heirs of Henry Pritchett, $120 to Jennie Pritchett, $120 to Mike Proctor, and $120 to Lizzie Snail, nee Pritchett; and Hastings received a deed from the guardian to the entire right, title, and interest of the minors; and also received a deed from Jennie Pritchett to all her right, title, and interest in the land; and the entire outlay for both

deeds was the $360. The probate record, therefore, shows that from and after the advertising for sale the interest had and owned by the minors in the land, the appraisement of their interests was lost sight of or ignored. The guardian made a return of sale showing that he had knocked off the entire property for $360. or the minors' supposed remainder in fee, thought to be equal to two-thirds of the entire property, was sold for $240, or 60% of the appraised value. Considering the appraisement of $400 as being the appraised value of two-thirds of the entire property would be treating the entire property as being worth $600, and the minors' interests therein being one-half of the fee title instead of a remainder in fee, their one-half could not be legally sold for less than $270, or 90 per cent. of their holdings in the $600, whereas their interests were in fact sold for $240. Even if the appraisement can be treated as an appraisement of the minors' interests in the property, the sale as made was void as to them, since their interest was not bid off and sold for 90 per cent. of such appraisement. Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965; Glory v. Bagby et al., 79 Okla. 155, 168 Pac. 881. If in fact the attempted appraisement of their interests in the property amounted to no appraisement, the private sale made was void under a mandatory statute (section 1280, Comp. St. 1921), and amounted to a fraud upon the rights of the minor plaintiffs. These matters appearing upon the face of the probate record, the plea of innocent purchaser cannot avail the defendants. Sampson v. Smith et al., 64 Okla. 102, 166 Pac. 422; Collins Inv. Co. v. Waide et al., 70 Okla. 191, 173 Pac. 835; Gaines v. Montgomery et al., 82 Okla. 275, 200 Pac. 219.

The judgment of the trial court in favor of the defendants and against the minor plaintiffs is against the clear weight of the evidence and is contrary to the law, and cannot be upheld. It is, in effect, conceded that the interests of the minors in the land involved, previous to the guardian sale, was a present, vested interest in fee to an undivided one-fourth each of the property. There is no doubt, now, that such was their interest in the property, and, the guardian sale being void, they are still the owners of such interest.

The third proposition, that the deed made by Jennie Pritchett to her interest in the land is void, cannot be maintained. She took, by inheritance, an undivided one-half interest in the allotment of Henry Pritchett, her son. She was his full-blood Indian heir

to such interest. The Act of Congress of May 27, 1908, provides for the sale of the interest of such full-blood heir. Under the act a deed executed by her purporting to convey her interest and approval by the county court having jurisdiction of the settlement of the estate of her deceased son, Henry Pritchett, the allottee, would vest title. The deed executed by her, upon its face, purported to convey her interest in the land; and the deed was submitted to the proper county court with a petition for approval, and an order of approval made and indorsed upon the deed. The deed and order of approval seem to be regular upon their face. The act of approval was ministerial in its nature, and not judicial. It is true that all of the parties to the transaction, including the approval agency, must have been mistaken about what interest she owned in the land, but there seems to have been no fraud, and the trial court so found and the record supports the finding. The mistake as to her interest could not be held to destroy rights acquired by the subsequent purchaser, who had a right to rely upon the record of the deed and order of approval.

The judgment of the trial court in favor of the defendants and against the plaintiff Jennie Pritchett is not against the clear weight of the evidence in so far as her alleged interest is involved, but is supported by the record.

We recommend that the judgment of the trial court in favor of defendants and against the plaintiff Jennie Pritchett, be affirmed. We further recommend that the judgment of the trial court in favor of the defendants and against the minor plaintiffs, the said Mike Proctor and Lizzie Snail, nee Pritchett, be reversed and remanded to the district court of Cherokee county with directions to set aside and vacate the judgment in so far as it affects the rights of the said two plaintiffs, and enter judgment in favor of each canceling the guardian's deed purporting to convey their interests in the land; and for possession in favor of each for an undivided one-fourth interest in the land involved, and quiet their title thereto as against parties to the record.

By the Court: It is so ordered.

Note.—See under (1, 2) 28 C. J. p. 1190, § 331; (3) 31 C. J. p. 514, § 79; (4) 4 C. J. p. 1183, § 3218.