**ROCK ISLAND IMPLEMENT CO. v. PEARSEY et al.**

No. 13156.   Opinion Filed Sept. 18, 1928.

Opinion Withdrawn, Corrected and Refiled Oct. 2, 1928.

R. A. Keller and Keaton, Wells & Johnston, for plaintiff in error.

Sigler & Jackson, for defendants in error.

RILEY, J.   This action below was for possession of land, cancellation of guardian's deed, and orders incident thereto and conveyances based thereon, and for quieting of title.

The plaintiffs below, defendants in error, are Chickasaw freedman and were allotted the lands in controversy. They were minors and residents of Love county, in February, 1912, and in the custody of their father, Tony Pearsey. On the named date a petition was filed in the county court of Love county for the appointment of a guardian of the estates of said minors. The petition contained allegations that said minors were residents of Love county and that they were in the care and custody of their said father, and that Overton Pearsey was eight years of age, Robert 12, Roy 14, Alfred 16, and Isom 18. On said date the county court entered an order setting said petition for hearing on February 24, 1912, and ordered that notice for hearing be given by posting said order in three public places in the county. On February 24, 1912, an affidavit was filed in the cause showing posted notice as ordered. On March 13, 1912, letters of guardianship were issued to W. T. McCarty. The record does not show that the minors over 14 years of age nominated their guardian or waived their right. No citation was shown to have been issued or served upon either of them directing them to appear and make nomination of their guardian.

On March 30, 1912, McCarty, as guardian, filed petition to sell at private sa'e all real estate belonging to the minors. In this petition the wards were alleged to be in the

care and custody of their father, Tony Pearsey, and that their place of residence was Bernville, Okla. On the same date, the county court entered an order setting the petition to sell for hearing on April 12, 1912, and directed personal service thereof to be made on the next of kin and persons interested in the estate of said wards "as required by law".

On April 29, 1912, the county court entered an order directing the guardian to sell at private sale all lands belonging to said wards. The court, in the order to sell, found:

"And it being proven to the satisfaction of the court that notice of this hearing has been given by publication of a copy of the order for hearing herein for four consecutive weeks in the Marietta Monitor published at Marietta, in Love county, the first of such publications being on the 5th day of April, 1912, and the last on the 26th day of April, 1912."

No personal notice of the hearing of said petition was shown to have been served upon the father of said minors, who lived in the county and in whose custody were the children, as shown by the petition to sell, or upon any one interested in said estate.

Pursuant to said order, the guardian sold and conveyed all the lands belonging to said minors, and on July 15, 1912, the sale was confirmed, and the guardian executed and delivered guardian's deeds conveying said lands to the purchasers, including the lands involved in this suit: "The north half (N. ½) of the southeast fourth (S. E. ¼) of section 16, township 7 south, range 1, west."

The said land was sold and conveyed to A. N. Tippit, and the defendant, Rock Island Implement Company, asserts title thereto from said Tippit.

The plaintiffs below asserted title and contended that the guardian's deed was void as to Alfred, Roy, and Isom, for the reason that they were over the age of 14 years at the time of appointment of the guardian and that they did not appear and nominate their guardian or waive their right so to do; and that the guardian's deed was void and all proceedings incident thereto and conveyances thereunder for the reason that the order for hearing upon the petition to sell said real estate was not personally served upon their father, Tony Pearsey, in whose care and custody they were at the time of said proceedings. The judgment below was for plaintiffs in accord with their prayer.

The defendant below, plaintiff in error, agrees that a single question is here raised, viz., "Was the guardian's sale of the plaintiffs' land void, or merely voidable? If absolutely void, then the judgment of the lower court should be affirmed; then, if merely voidable, the judgment of the lower court should be reversed."

We bear in mind that the petition for an order of sale of the real estate of these minors was by the county court set for hearing and an order made and entered by the court that notice be personally served on the next of kin and persons interested in the estate of the minors. It affirmatively appears from the records of the county court that the minors were in the custody of their father, Tony Pearsey, in Love county. The county court expressly found, in the proceedings, that notice of the hearing had been made by publication. Consequently the presumption is that no notice was ever personally served upon the father or any other person interested in the estates of the minors.

The records of the county court are before us. It is unnecessary to determine whether the attack is direct or collateral. Roth v. Union Nat. Bank, 58 Okla. 604, 160 Pac. 505; Lee v. Tonsor, 62 Okla. 14, 161 Pac. 804; Jackson v. Carroll, 86 Okla. 230, 207 Pac. 735.

It is not comparable to the situation in Powers v. Brown, 122 Okla. 40, 252 Pac. 27, where two county courts were exercising conflicting jurisdiction and where the judgment in one court was being collaterally attacked in another, for "presumptions on collateral attack are governed by different considerations." 34 C. J. 567. This action is authorized under the rule in Mullin v. Hawkins, 97 Okla. 30, 222 Pac. 697. It is not necessary to consider evidence aliunde, as prohibited by the rule in Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184.

Section 1472, C. O. S. 1921, provides:

"The county judge shall cause copies of said orders to be posted up in three public places in the county * * * and personally served on the next of kin of the ward and all other persons interested in the estate of said ward, residing in the county, and to be mailed to all such persons who are not residents of the county."

This section was amended by the Legislature following the decision in Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433. Where previously the statute permitted an alternative in the notice, i. e., by publication or personal service upon next of kin, there was substituted the dual process by the use of the

conjunction "and." It is evident that the Legislature intended that notices and service thereof as provided should be prerequisites to the exercise of the power to order a sale. Such intent is the more apparent by proviso, "if written consent to making the order of sale is subscribed by all persons interested therein and the next of kin, said order of sale may be made at once, and without giving the notice provided for in this section." Moreover, by the act it is provided the hearing of the petition for sale "shall not" be less than 14 days from the date of the first publication except under conditions contained in the proviso, and the use of such words prohibit, prevent, and forbid any sale not in conformity therewith.

It is to be noted that we have dealt with section 1472, supra, as it appeared in the Compiled Statutes of 1921. The parent statute, in force at the time of proceedings for the sale of the land involved here, was section 10, ch. 65, S. L. 1910, which section differed from the section as now in force, only to the extent that it contained the words "or mailed to" after the phrase "and personally served," which words so used then provided for an alternative service of notice upon the next of kin; the requirement was posting of notice and personal service upon or mailing thereof to the next of kin. Such service was a jurisdictional prerequisite and exclusively applicable, where, as in the case at bar, the post office address of the next of kin was known. But this order to sell recited a publication notice only. We must conclude that it is to be presumed there was no compliance with the statute as the same existed.

Conceding, without deciding, then, that the county court had jurisdiction prior to the hearing on the petition to sell, it is apparent that it never legally progressed beyond that point. That assertion is settled by analogy. In Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965, the statute under consideration required the sale to be for 90 per cent. of the appraised value; this court held the statute prohibited sale in any other manner and the inhibition extended to the power of the court and left no discretion whatsoever.

In Ammerman v. Karnowski, 109 Okla. 156, 234 Pac. 774, this court said in quoting from Abraham v. Homer, 102 Okla. 12, 226 Pac. 45:

"In probate cases a proceeding for a sale of real estate is a distinct and independent proceeding, although had in the general course of administration. * * *

"If it appears that in the enactment of such statute the lawmakers, while providing a step in the procedure, had uppermost in mind the effect of such a step upon the judgment thereafter to be rendered and intended the taking of such step in the procedure as a condition precedent to the existence of the judicial power of a court to thereafter render the particular judgment, then such facts, while in a sense being quasi jurisdictional, are clearly jurisdictional facts, necessary to the existence of the third element of jurisdiction. Such statute is a mandatory one."

It is idle to consider argument as to presumptions of proper notice in favor of the validity of the county court's action, for the record shows the character of the notice given. The presumption urged would oppose the record. Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681. See, also, Myers v. Harness, 116 Okla. 268, 244 Pac. 1109; ; Parker v. Lewis, 45 Okla. 807, 147 Pac. 310.

"A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void in the legal sense for want of jurisdiction unless its invalidity appears on the face of the record." Smith v. Page, 117 Okla. 222, 246 Pac. 217; Sharp v. McDonald, 106 Okla. 175, 233 Pac. 430; Gaines v. Montgomery, 82 Okla. 275, 200 Pac. 219; Pritchett v. Jenkins, 111 Okla. 30, 238 Pac. 484.

We, therefore, hold the order of sale of the county court void on its face, and affirm the judgment of the district court.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, and CLARK, JJ., concur.