## BAGWELL et al. v. FINCH.

### No. 31026. March 7, 1944.

Rehearing Denied Oct. 3, 1944.

Application for Leave to File Second Petition for Rehearing Denied Oct. 17, 1944.

*152 P. 2d 114.*

A. L. Emery, of Okmulgee, for plaintiffs in error.

F. C. Helm and E. W. Smith, both of Henryetta, for defendant in error.

RILEY, J. This is an action to quiet title to certain land situated in Okmulgee county, commenced by defendant in error, herein referred to as plaintiff, against plaintiffs in error, Olga Bagwell, Flora Story, Pauline Shockley, and Margaret Clinkenbeard, herein referred to as defendants. There were other parties defendant, but the judgment of the trial court as to such other parties became final and they are not parties to this appeal.

The action was commenced in the superior court of Okmulgee county. In her petition plaintiff alleges that she is the owner of the title in fee simple and in the actual, peaceable possession of the land involved. She bases her title on an administrator's deed from the administrator of the estate of Adaline Kincaid, deceased, to Harry Brace; warranty deed from Harry Brace and wife to Ralph Dodge and Hazel Dodge; and warranty deed from Ralph Dodge and Hazel Dodge to plaintiff. She alleges that defendants Olga Bagwell, Flora Story, Mrs. W. A. Shockley, and Mrs. L. D. Clinkenbeard are children and heirs of said Adaline Kincaid, and that they claim some right, title, or interest in and to the premises, but that plaintiff is entitled to an adjudication that said claims are void as against plaintiff's title.

Defendants Olga Bagwell, Pauline Shockley (the same person as Mrs. W.

A. Shockley), and Margaret Clinkenbeard (the same person as Mrs. L. D. Clinkenbeard) filed their answer and cross-petition in which they alleged that they are the only children and only heirs of Adaline Kincaid, deceased. They then allege that the administrator's deed is void and did not convey their title to the land, which they inherited from their mother, Adaline Kincaid. Defendants assert that said administrator's deed is void for the reason that although an order of sale was issued by the county court on August 9, 1937, directing that:

". . . copy of this order shall be served on all persons interested in the estate, any general guardian or a minor so interested, or any legatee, devisee or heir of the deceased, who reside in the county, at least ten days before the time set for hearing; . . ."

—no one of defendants was ever served with a copy of said order and no affidavit of such service was ever filed in said court, and defendant Flora Story alleged that she never received, by mail or otherwise, a copy of said order. They alleged that said administrator's deed was void for the further reason that the order of sale directed the administrator to sell the land at public sale; that the notice of sale given by publication was for a private sale; and that the affidavit of posting notices of sale disclosed what notice was posted; that the return of sale did not disclose whether the sale conducted was a public or private sale; that the appraised value of the land was $2,500; that the administrator sold the same for $500; that the farm was in fact sold at private sale; and that the county court was without jurisdiction to confirm the sale at less than 90% of the appraised value.

They then plead:

"That these defendants allege that the said administrator's deed is void, and the warranty deed from Harry Brace and wife to Ralph Dodge is void, and that the warranty deed from Ralph Dodge and wife to the plaintiff is void, copies of the said deed being attached to the petition as exhibits thereof; that

the fee-simple title to said farm is in these defendants, at least to the extent of an undivided two-thirds interest therein; and that the aforesaid deeds are clouds on the fee-simple title of these defendants and that said clouds ought to be removed and the fee-simple title quieted in these defendants and the plaintiff and all other defendants be forever barred from ever again claiming or asserting any right, title, or interest in or to the farm of these defendants."

The prayer was that plaintiff take nothing and that the title be quieted in defendants.

Plaintiff replied by general denial, and by way of answer to the cross-petition plaintiff pleaded that the alleged cause of action set up in defendants' cross-petition did not accrue at any time within the three years next before the commencement of the action, and that the same is barred by the statute of limitations, to wit, section 1311, O. S. 1931.

The cause was tried to the court, resulting in a finding as follows:

"The court further finds the issues in favor of the plaintiff and against all of the defendants; that the plaintiff is the owner and in possession of the following described real estate and premises situated in Okmulgee county, Oklahoma, to wit: The North Half (N½) of the Northwest Quarter (NW¼) of Section 25, Township 11 North, Range 12 East, and that her title thereto is valid and perfect and superior to any right, or interest claimed by the defendants or any of them and that said defendants or any of them have no right, title or interest in and to said premises, and that all the instruments, by, through or under which said defendants or any of them claim should be and are cancelled and declared of no force or effect."

The decree was for the plaintiff, quieting her title to the land involved. Decree was for plaintiff in accord with the findings, and defendants appeal.

There are five assignments of error. The first assignment is that the trial court was without jurisdiction because said court was not created by the Legislature in the manner and form pre-

scribed and required by the Constitution of Oklahoma. The other assignments presented and relied upon are presented together and are that the judgment is not sustained by sufficient evidence and is contrary to law.

The first assignment is presented by a separate brief to which no answer brief has been filed. Thereunder, though defendants invoked the jurisdiction of the superior court, and sought a judgment and decree of said court quieting title in the land in them, upon failure to obtain such relief, they assail the validity of the decree against them upon the ground that said court was without jurisdiction in that it was not created by the Legislature in the manner and form prescribed and required by the Constitution. In this connection they assert that the act creating said court, being House Bill No. 600, S. L. 1917, pages 197-200 (20 O. S. 1941 §§ 241-255), is, as shown on the face thereof, a special and local law; that it was introduced in the Legislature, considered, and passed as a special and local law; that the requirements of section 32, art. 5, of the Constitution, that no special or local law shall be considered by the Legislature until notice of the intended introduction of such bill shall first have been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating the substance thereof, and verified proof of such publication is filed with the Secretary of State, were not complied with in that (1) the notice was not published for four consecutive weeks prior to its consideration by the Legislature; (2) verified proof of said publication was not filed with the Secretary of State prior to the consideration of the bill by the Legislature; and (3) notice was indefinite and uncertain and the bill passed and approved was not the same bill mentioned in the notice.

In support of these assertions, defendants attach to their briefs certified copy of the notice and proof of publication thereof, on file in the office of the Secretary of State.

This question is not properly before the court. It was not raised in the trial court. The record does not contain any reference whatever to the constitutionality of the act in question, and the certified copy of the notice of intention to introduce the bill and the proof of publication thereof are not contained in and made a part of the case-made.

In Missouri, K. & T. Ry Co. v. Prince, County Treasurer, 133 Okla. 228, 271 P. 253, it is held:

"The constitutionality of an act of the Legislature cannot be raised for the first time on appeal to this court, and where it clearly appears that the question was not presented to the trial court, and that the trial court did not pass, and was not asked to pass, upon the question before its final action in the cause, such question will not be considered by this court."

In Fast v. Gilbert et al., 102 Okla. 245, 229 P. 275, it is said:

"The issue of the constitutionality of this act cannot be raised for the first time in the briefs of the parties, where no proper pleadings to test this question were filed in the trial court, and the parties voluntarily proceeded to trial in the forum provided without objection. Parties will not be permitted to interject new issues in this court which were not raised nor argued in the trial court."

In Beneficial Loan & Investment Co. v. Ira, 75 Colo. 379, 226 P. 136, it is held:

"The constitutionality of a statute could not be raised for first time on appeal, where question was not called in any manner to attention of trial court."

The question of the constitutionality of the act creating the superior court of Okmulgee county will not be considered in this appeal.

The record discloses that at the time of the proceedings for the sale of the land and the execution of the administrator's deed, three of the defendants, Olga Bagwell, Mrs. W. A. (Pauline) Shockley, and Mrs. L. D. (Margaret) Clinkenbeard, were residents of Henry-

etta, in Okmulgee county, Okla.; that one defendant, Flora Story, was a resident of Erick, Beckham county, Okla. Defendants contend that the administrator's deed is void for the reason that the county court was without jurisdiction to order the sale, in that the order for hearing on the petition to sell was never served upon the three defendants who were residents of the county, and no copy of said order was mailed to defendant Flora Story, as required by the order and by the law, and that defendants had no notice of the proposed sale of said land.

The order for hearing of said petition required that:

". . . copy of this order shall be served on all persons interested in the estate, any general guardian or a minor so interested, or any legatee, devisee or heir of the deceased, who reside in the county, at least ten days before the time set for hearing; that copies of said order shall be mailed to all persons interested in said estate who are not residents of said county, with postage thereon prepaid; . . ."

The order of sale, dated September 7, 1937, recited:

". . . And it appearing to the court upon satisfactory proof that a copy of the order of this court entered herein on the 9th day of August, 1937, appointing the time and place for hearing said petition was personally served on all persons interested in said estate who are residents of said Okmulgee county, according to law, and upon Mrs. Flora Storey, who resides at Eric, Oklahoma, according to law, and the orders of this court, full ten days prior to the day appointed for hearing said petition, and that the names and places of residence of the persons thus served are, respectively, as follows:

"Robert Kincaid, Henryetta, Oklahoma; Mr. R. C. Bagwell, Henryetta, Oklahoma; Mrs. Olga Bagwell, Henryetta, Oklahoma; Mrs. Flora Storey, Eric, Oklahoma; Mrs. W. A. Shockley, Henryetta, Oklahoma; Mr. W. A. Shockley, Henryetta, Oklahoma, and Mrs. L. D. Clinkenbeard, Henryetta, Oklahoma. . ."

Defendants assert that the uncontradicted and positive evidence is that said findings of the court are false as shown (a) by the appearance docket; and (b) by the evidence of each one of the defendants.

The appearance docket shows affidavit of mailing and affidavit of posting, filed August 11, 1937, but does not show any affidavit or other proof of personal service of the order. However, 58 O. S. 1941 § 415 provides that satisfactory proof of service, mailing or publication of a copy of the order, and of posting same, may be by affidavit or otherwise. There is no evidence that oral proof was not made. The appearance docket does not, of itself, show that satisfactory proof of service of the order was not made. But defendants contend that the positive testimony of the three defendants who resided in Okmulgee county conclusively shows that there was no such service. All three of said defendants testified as witnesses, but not one of them testified that a copy of the order for hearing on the petition to sell was not personally served upon her. The testimony of Margaret Clinkenbeard is:

"Q. State your name. A. Margaret Clinkenbeard. Q. You are one of the daughters of Adaline Kincaid? A. Yes, sir. Q. Live here in Henryetta? A. Yes, sir. Q. When were you informed that your mother's farm had been sold? A. I couldn't exactly say; found out through Bobbie Kincaid, he told me. Q. You couldn't exactly say when that was? A. No, sir. Q. He told you the farm had been sold? A. Yes, sir. Q. Up to the time he told you it had been sold, did you know it had been sold? A. No, sir."

The testimony of Olga Bagwell and Pauline Shockley was substantially the same. Therefore, there is no positive evidence that a copy of the order for hearing on petition to sell was not personally served on each of said defendants; and there is no positive evidence that the finding and recitation of the county court was false. Defendant Flora Story testified in substance that she did not receive by mail or otherwise a copy of said order. That, of itself, is not con-

clusive proof that the finding and recitation of the county court with reference to the mailing of said notice was untrue.

Seal et al. v. Banes et al., 168 Okla. 550, 35 P. 2d 704, holds:

"County courts, under the Constitution, have original and general jurisdiction of all matters concerning probate and settlement of the estates of deceased persons. Their orders and decrees in such matters are entitled to the same verity as the orders and decrees of any court of record."

Thereunder, the finding and recitation of the county court with reference to the proof of service of the order for hearing on the petition to sell is entitled to the same verity as a like finding and recital of any court of record. It is final and binding.

Seal v. Banes, supra, and Robinson et al. v. Spittler, 191 Okla. 278, 129 P. 2d 181, hold that failure to give the heirs notice of proceedings to sell real estate by an administrator, and an opportunity to be heard in opposition thereto, makes an order of sale void. But the evidence in this case is not such as to impeach the finding and recital of the county court and does not conclusively prove that notice was not given in the manner provided by law.

It is next contended that the record shows that the farm was sold at private sale and for less than 90% of its appraised value, and that the sale was void for that reason. If the sale was so made, it was void. Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 P. 965; Pritchett et al. v. Jenkins et al., 111 Okla. 30, 238 P. 484; Glory v. Bagby et al., 79 Okla. 155, 188 P. 881. But the record in this case does not show a private sale. The order of sale directs a "public sale." The notice of sale stated:

". . . the undersigned administrator of said estate of the deceased will sell at public auction, to the highest bidder, for cash, subject to confirmation of said court, on the 30th day of September, 1937, at the hour of 10:00 o'clock, a. m. . . ."

The order confirming the sale recites:

"That at the time and place of holding said sale, specified in said notice, said Harry Booth, administrator, caused to be sold the entire tract, . . . at public auction, to the highest bidder, . . ."

The notice of sale as published did, in the closing sentence, contain the statement that:

"Bids may be in writing and left at the office of Anton Koch, attorney at law, Henryetta, Okla., or may be delivered to the administrator, personally, or may be filed in the office of the judge of the county court."

That statement had no place in a notice of public sale. It was surplusage and is not sufficient to show that the sale actually conducted was a private sale. The record shows the contrary.

There was also a purported appraisement of the land made a few days before the sale. That was also unnecessary for a sale at public auction, but it did not affect the validity of a sale actually made at public auction.

Other defects and irregularities are set forth and complained of, but they were not so material as to vitiate the sale and were cured by the order confirming the sale.

From the record as a whole, we cannot say that the finding and decree of the trial court upholding the validity of the administrator's deed were clearly against the weight of the evidence, and cannot say as a matter of law that the administrator's sale was void. The question of the statute of limitations as against defendant's cross-petition need not be discussed.

Judgment affirmed.

All concur except DAVISON, J., who was absent.