CONNECTICUT FIRE INS. CO. v. HORNE.

No. 33285. May 17, 1949.

Rehearing Denied July 19, 1949.

*207 P. 2d 931.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Okahoma City, for plaintiff in error.

Bailey & Hammerly, of Chickasha, for defendant in error.

ARNOLD, V. C. J. This is an appeal from a judgment of the district court of Grady county wherein W. E. Horne recovered judgment against the Connecticut Fire Insurance Company, a corporation, for $604.10 as property damage sustained under a policy of insurance issued by defendant. Motion for new trial having been overruled, defendant appeals.

This action was commenced January 26, 1946, on a policy of insurance against loss by fire, hail, and other hazards. The loss is alleged to have occurred on April 9, 1944. The policy is the statutory standard form provided by Title 36, section 244, O. S. 1941, and contains the statutory clause, as follows:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

On May 25, 1946, after defendant had filed demurrer to the original petition, setting forth as grounds therefor, among other things, the bar of the statute of limitations, the plaintiff filed an amended petition. It is alleged therein that the plaintiff procured of defendant said policy on the 6th day of December, 1942, covering said residence for a term of three years, against fire, windstorm and hail; that plaintiff paid the premium thereon and that there was a mortgage clause attached in favor of the Chickasha Federal Savings & Loan Associations; that immediately after the sustaining of the alleged loss on April 9, 1944, plaintiff caused the defendant company to be notified thereof and that the defendant sent its agents and adjusters to the scene of the loss and that they inspected and saw the damage and thereby waived formal written proof of loss.

It is further alleged that defendant's agents and adjusters orally admitted the liability of the defendant on account of such loss and damage; that plaintiff has complied with all terms and provisions of the policy except such as may have been waived by the defendant, and that the defendant is liable to plaintiff in the sum of $1,254.52, that being the amount of damage to said residence property alleged to have been sustained as a result of said hail storm.

The defendant filed its demurrer to said amended petition, upon the ground of insufficiency to state a cause of action; that same shows no proof of loss filed, nor a waiver thereof, and that same shows that the purported cause of action stated is barred by limitations. Said demurrer was overruled and exceptions allowed. Defendant filed answer, setting forth a general denial; that no proof of loss had ever been furnished by plaintiff in accordance with policy requirements; that plaintiff's alleged cause of action is barred by the statute of limitations set forth and contained in said policy.

Plaintiff thereupon filed reply, denying generally the allegations of defendant's answer, and alleging further a purported waiver of the proof of loss provisions of the policy; that the limitation clause of the policy had no application to plaintiff's cause of action in that plaintiff's loss resulted from hail and windstorm damage and was not occasioned by fire.

For reversal of the judgment defendant relies upon three propositions thus stated in its brief:

"(1) Plaintiff's alleged cause of action is barred by the statute of limitations and by the period of limitations set forth and contained in the statutory standard policy sued upon. This includes the error of the trial court in overruling defendant's demurrer to plaintiff's amended petition, in denying defendant's demurrer to plaintiff's evidence, in denying defendant's motion

for a directed verdict, and in giving to the jury instructions Numbered 4, 5, and 6.

"(2) That the verdict of the jury is excessive and is not sustained by the evidence.

"(3) That the trial court erred in allowing interest from date of the filing of the action."

We consider first the specific errors mentioned in defendant's first proposition. Defendant relies upon the short term limitation incorporated in the standard form of fire insurance policy which limits the right to commence an action to twelve months after the date of the fire. This limitation is also relied upon by defendant in support of its allegation of error by the trial court in overruling its demurrer to plaintiff's amended petition, in overruling its demurrer to plaintiff's evidence, and in overruling its motion for a directed verdict at the close of all of the evidence. The standard form in which this short term limitation occurs was originally enacted by the Legislature in 1909. Article II of chapter 21, S. L. 1909, comprised six sections which appear in 36 O. S. 1941 as sections 243 to 247, inclusive. Section 3 of the 1909 Act originally embraced the language now in 36 O. S. 1941, sections 243 and 244. In the revision of the statutes in 1910, section 3 of the 1909 Act was divided and became the two sections now appearing as sections 243 and 244. The title to the 1909 Act reads:

"An Act relating to fire insurance, repealing all Acts and parts of Acts in conflict herewith, and declaring an emergency."

The only exception in the 1909 Act to the standard form of policy therein prescribed was contained in section 4 thereof, which is now section 245 of our 1941 Statutes. This section authorized a shorter form of policy than the standard form for writing insurance for farm or dwelling house property and for tornado loss when such shorter form was approved by the Insurance Commissioner. Since the 1909 Act repealed all acts and parts of acts in

conflict therewith, it is apparent that upon the approval of that Act March 25, 1909, fire insurance companies were only authorized to write insurance in this state covering loss by fire and tornado.

In 1917, c. 176, the Legislature passed an act, the title of which reads:

"An Act providing for extending the right of fire insurance companies authorized to transact business in this State to cover other hazards of insurance and providing for the division of commissions with non-resident licensed insurance agents and brokers by policy writing agents or insurance companies licensed to transact business in the State, and permission to advertise their business, repealing all laws and parts of laws in conflict herewith and declaring an emergency."

Section 1 of that Act is now section 248 of our 1941 Statutes, and reads:

"Fire insurance companies licensed to transact business in this State are permitted to cover the hazards of automobile theft, property damage, collision, explosion, sprinkler leakage, water damage, parcel post and hail."

There is no language in the title or in the body of the 1917 Act which in any manner refers to or adopts the limitation provision in the standard form of fire insurance policy, and since this Act was the first authority which fire insurance companies had to write hail insurance policies in this state, we think the absence of any reference to or adoption of any provision of the standard form of fire insurance policy is strongly indicative that the Legislature had no intention of authorizing fire insurance companies in issuing policies covering loss by hail to make any other limitation than the general limitation apply to such policies of insurance.

We are fortified in this opinion by the form of the policy here involved. The company issued a fire insurance policy to the insured to the amount of $8,000 for a premium of $40, and attached to said fire insurance policy a "supplemental contract" covering loss

by hail for which it charged and collected from plaintiff a premium of $52, this separate contract being executed by the duly authorized issuing agent of the company at Chickasha, Okla.

Section 244, supra, constitutes an exception to the general statute of limitation (5 years) applicable to suits on written instruments. Such exceptions will not be extended to cover other causes of action not clearly within their purview and public policy will not permit extension or application by private contract. See Title 15, O. S. A. §216; Niagara Fire Ins. Co. of New York v. Nichols, 96 Okla. 96, 220 P. 920; George et al. v. Connecticut Fire Ins. Co., 84 Okla. 172, 200 P. 544; 201 P. 510; Standard Paving Co. v. Lemmon et al., 129 Okla. 15, 263 P. 140; Hickman v. Gummerson, 190 Okla. 514, 125 P. 2d 765; Cummings et al. v. Board of Education of Oklahoma City, 190 Okla. 533, 125 P. 2d 989; 37 C. J. 691, "Limitations of Actions," sec. 9; Helbig v. Citizens' Insurance Co., 234 Ill. 251, 84 N. E. 897; Atlas Life Insurance Co. v. Spitler, 178 Okla. 537, 63 P. 2d 82, and the cases therein cited; and Continental Casualty Co. v. Goodnature et al., 170 Okla. 477, 41 P. 2d 77.

Considering the history of this legislation as above recited, and viewing the contract involved herein, we are of the opinion that plaintiff's right under the supplemental contract to commence an action to recover damages for his loss from hail is not governed by the short term limitation included in the standard form of fire insurance policy, but is governed by the five-year limitation on contracts. This being true there was no error in the rulings of the trial court alleged as error in defendant's first proposition.

Defendant's second proposition is that the verdict of the jury is excessive and not sustained by the evidence. This contention is based upon the fact that there was admitted in evidence, over the objection of defendant, plaintiff's exhibits 2-8, inclusive, being checks issued by plaintiff in payment for materials and labor used and employed in the making of repairs to his property. The total of these checks is $1,254.52, which is the amount sued for by plaintiff. There was no evidence introduced by plaintiff which disclosed the various items of damage and cost of materials and labor which went into the total represented by these checks. The policy provides for payment for actual loss occasioned by hail. There is evidence, however, conclusively showing that the adjuster for the defendant visited Chickasha and inspected the property soon after the notice of damage was communicated to the company through its agent at Chickasha. After numerous conferences with plaintiff and after personally inspecting plaintiff's property, said adjuster admitted liability against defendant in the sum of $425.25 and prepared proofs of loss of that amount and left them with the company's agent at Chickasha to be signed by plaintiff. They were never signed. The verdict of the jury was for $604.10 which is more than defendant admitted as its liability and less than plaintiff claimed as his damage. There is nothing in the record which discloses any possible basis for the amount of the verdict in excess of $425.25. It is obvious from the record here presented that the best evidence available in support of plaintiff's claim was not adduced and that the verdict must be held to be excessive.

The defendant contends that the action of its adjuster constituted only an unenforceable accord. We, however, having treated his actions as constituting admitted liability of the defendant in a stated amount based upon the adjuster's estimate of damage, the plaintiff is entitled to interest thereon from date of suit as sought by him.

The admission of liability by defendant in the amount of $425.25 being the only evidence in the case upon which a verdict could be based, the judgment based upon the verdict should not be permitted to stand. This case is remanded to the trial court, with direc-

tions to vacate the judgment and to grant defendant a new trial unless within 10 days from the filing of the mandate in the trial court, plaintiff shall file a remittitur of that part of said judgment in excess of $425.25. If such remittitur is filed then the judgment as so modified is affirmed.

DAVISON, C. J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.