SPRINGFIELD FIRE AND MARINE IN-SURANCE CO., a corporation,
Plaintiff in Error,

v.

F. D. BIGGS, Defendant in Error.

No. 37124.

Supreme Court of Oklahoma.

April 3, 1956.

Hanson & Green, by Clarence P. Green, Oklahoma City, for plaintiff in error.

Sam L. Wilhite, Anadarko, for defendant in error.

BLACKBIRD, Justice.

Defendant in error instituted this action, as plaintiff, against plaintiff in error, as defendant, to recover, under an insurance policy with a "Windstorm and Hail Endorsement" attached, which the defendant company issued to him, a total of $510 as alleged damages to his house from windstorm and/or hail. $345 of this total was for damages to the house's roof. The jury's verdict was for the latter amount, and judgment was entered accordingly. The defendant insurance company has lodged this appeal. Our continued reference to the parties will be by their trial court designations.

The alleged damages involved herein occurred May 13, 1953. The action was not commenced until May 17, 1954. The fact that more than 12 months elapsed between these two dates is made the basis of the argument under Proposition I of defendant's brief that plaintiff's action is barred by the statute of limitations. Defendant's challenge of plaintiff's action on this ground was specifically asserted by appropriate pleadings, demurrer to the evidence, and request for an instructed verdict, but was rejected by the trial court. It is based upon a provision in the policy, concededly a statutory standard form, which, in lines 157 to 161 (both inclusive) thereof, appears in part as follows: "No suit or action on this policy for the recovery

of any claim shall be sustainable in any court of law or equity * * * unless commenced within twelve (12) months next after inception of the loss." This is the exact wording of the standard form of fire insurance policy prescribed for use in this State by Section 2 of House Bill No. 75, enacted by the Twentieth Legislature, S.L. 1945, pp. 127, 132, now appearing as Tit. 36 O.S.1951 § 244.1. Paragraph (5) of said section provides in part, as follows:

"Appropriate forms of other contracts or endorsements, whereby the interest in the property described in such policy shall be insured against one or more of the perils which the insurer is empowered to assume and their use in connection with the Standard Fire Insurance Policy may be authorized by the State Insurance Board. * * *"

Calling our attention to the fact that windstorm and hail endorsement on the policy involved here was attached thereto for an extra premium of $56, (in addition to the one for said policy's insurance against fire, lightning and extended coverage) plaintiff's counsel asserts that the case of Connecticut Fire Ins. Co. v. Horne, 201 Okl. 643, 207 P.2d 931, 933, shows conclusively that the one-year period of limitations authorized for fire insurance policies by section 244.1, supra, does not apply. We do not agree. The cited case arose previous to the 1945 enactment, supra, now in effect. At that time the standard form of fire insurance policy was prescribed by Tit. 36 O.S.1941 § 244 (as indicated by the opinion in that case) originally a part of Art. II, Chapter 21, S.L.1909, enacted several years before fire insurance companies, licensed to transact business in this State, were authorized, by Legislative Act of 1917, " 'to cover the hazards of * * * hail.' " Upon consideration of this fact, and the further fact that the standard policy law at that time contained no language whatsoever indicating that the Legislature intended it to apply to policies covering losses by hail, the Court there held the one-year limitation inapplicable. Here, the situation is en-

tirely different. As will be observed, the present standard policy law was enacted many years after fire insurance companies were authorized by the above-cited Act " 'to cover the hazards of * * * hail' "; and we think the language of section 244.1 (5), supra, shows that the Legislature, by therein enabling insurance against other authorized perils by the use of endorsements " * * * in connection with the Standard Fire Insurance Policy * * *" strongly indicated its intention that provisions of the standard fire insurance policy, such as the one prescribing the 12-month period of limitation, could be (as is properly done by the endorsement involved here) made applicable to losses from hail. In fact, we think that such use is clearly within the purview of said section.

In his brief, plaintiff, for the first time, charges that if House Bill No. 75, Tit. 36 O.S.1951 § 244.1 means what we say its wording indicates, it is unconstitutional, because no period of limitations is referred to in said Act's title. This contention comes too late. In Bagwell v. Finch, 194 Okl. 416, 152 P.2d 114, we followed a well-established rule in holding:

"Ordinarily, where the record clearly shows that the question of constitutionality of an Act of the Legislature was not presented to the trial court, and no reference to the constitutionality of the Act of the Legislature in question appears in the record on appeal, such question will not be considered on appeal by this court."

In accord with the views hereinabove expressed, we hold that the 12-month period of limitations is applicable to this case, and that the trial court erred in refusing defendant's request for a directed verdict on that ground. The judgment of the trial court is therefore reversed with directions to set it aside and enter judgment for the defendant.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.